## Case No. 10,335.

### NORTHWESTERN DISTILLING CO. v. CORSE.

[4 Biss. 514.] [1]

Circuit Court, N. D. Illinois. April. 1869.

REMOVAL OF CAUSES — EFFECT UPON INJUNCTION PREVIOUSLY GRANTED.

An injunction issued by a state court is dissolved by the removal of the cause into the federal court.

[Cited in Rigg v. Parsons, 29 W. Va. 526, 2 S. E. 83.]

[This was a bill in equity by the Northwestern Distilling Company against John M. Corse, collector.] This was one of several similar bills, originally filed in the superior court, to restrain the collector from paying over money deposited by distillers for Tice meters, which had not been furnished, and which the parties did not desire to take and had no use for. The question was raised whether the injunction issued from the superior court was still subsisting as against the collector to prevent him from paying over the sums involved in the litigation. The cases were removed from the state court under section 67 of the act of congress of July 13, 1866 [14 Stat. 171], which provides that any suit or prosecution against internal revenue officers, etc., in a state court may be removed to the United States circuit court at any time before trial, upon petition, etc.: "And the cause shall thereupon be entered on the docket of said court, and shall be thereafter proceeded in as a cause originally commenced in that court; and it shall be the duty of the clerk of said court. if the suit were commenced in the court below by summons, to issue a writ of certiorari to the state court, requiring said court to send to the said circuit court the record and proceedings in said case," &c., "and thereupon it shall be the duty of the said state court to stay all further proceedings in such cause, and the said suit or prosecution, upon delivery of such process, or leaving the same as aforesaid, shall be deemed and taken to be moved to the said circuit court, and any further proceedings. trial or judgment therein in the state court, shall be wholly null and void. * * * All attachments made, and all bail and other security given upon such suit or prosecution, shall be and continue in like force and effect as if the same suit or prosecution had proceeded to final judgment and execution in the state court." It was argued for the United States that the removal vacated the bond and dissolved the injunction.

DRUMMOND, District Judge. The only difference in the language of the laws of 1789 [1 Stat. 93] and of 1866 is that in the law of 1866, the words are: "All attachments made, and all bail and other security given upon such suit or prosecution, shall be and continue in like force and effect as if the same suit or prosecution had proceeded to final judgment and execution in the state court." Section 67, Act July 13, 1866 [14 Stat. 171)]. If the word "attachments" did not apply to the case of an injunction as is conceded, do the words "bail or other securities" apply?

There was a very serious question connected with this originally, and good deal of doubt, at the time, in the minds of the profession, I think, as to the correctness of the decision of Judge McLean, upon the point. McLeod v. Duncan [Case No. 8,898]. The profession was not inclined to acquiesce altogether in that decision, and I recollect that it struck the profession with some surprise. They had taken it for granted that the injunction was not necessarily dissolved; but the more that they reflected upon it, I think, the more they became convinced that, on the whole, the decision was sustainable. It has now been generally acquiesced in and followed in this court, and even if there is a doubt as to its correctness, I should not feel inclined at this time to change the practice unless upon directions from a higher court. The principle of that decision, under that law and under this, is applicable to the particular point. All attachments and all bail or other securities given upon the suit or prosecution shall be and continue in like force, etc. Judge McLean, it is clear, did not think that the term attachment was sufficiently comprehensive to include injunction. The question is, whether if "attachment" did not include injunction, "bail or other securities" did. I do not see upon what principle.

Geo. C. Bates, Esq.: Suppose there had been a hearing on the motion to dissolve the injunction and a hearing on testimony taken and the court had made it final, and the case was then brought here, would the injunction be dissolved?

THE COURT: I do not see how there could be such a case without a final hearing. There would be a trial quoad hoc, and this law requires that it should be removed before trial. The language is "at any time before trial." That is, the trial must not have commenced for the final disposition of the cause. If it is, it is too late under this law. I have to treat the injunction as ipso facto dissolved by the removal of the case.

See further Hatch v. Chicago, R. I. & P. R. Co. [Case No. 6,204].

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

NORTHWESTERN FERTILIZING CO. (GAUGHAN v.). See Case No. 5,272.