# CHARLESTON.

## Rigg & Co. *v.* Parsons *et al.*

Submitted January 17, 1887.—Decided April 9, 1887.

1. DECLARATION—PENAL BOND—DEMURRER.

  A declaration in debt on a penal bond executed to an individual must contain an averment of the non-payment of the penalty; and if it does not the defect will be fatal on general demurrer. It is otherwise in cases of official bonds payable to the State. (p. 525.)

2. DECLARATION—DEMURRER—REVERSAL OF JUDGMENT—AMENDMENT.

  When the inferior court properly sustains a demurrer to a declaration and enters judgment in the action for the defendant without giving leave to the plaintiff to amend, this Court will, if the defect in the declaration appears to be amendable, reverse the judgment and remand the case with directions to grant leave to the plaintiff to amend, if he elects to do so. (p. 525.)

3. DECLARATION—AMENDMENT—REVERSAL OF JUDGMENT.

  But if in such case the record shows, that the plaintiff declined to amend his declaration, then this Court will not reverse the judgment, although it distinctly appears, that the defect in the declaration could have been readily amended, if the plaintiff had chosen to do so, but the judgment will be affirmed. (p. 525.)

4. PRINCIPAL AND SURETY—REPLEVIN BOND.

  *Quære*—In an action on a replevin bond given *by the defendant* in an attachment-suit while pending in a State court prior to the Act of Congress of March 3, 1875, conditioned to perform the judgment of said State court in such action, can the surety on such bond be made liable for a judgment rendered in such action by a Federal Court, to which the action had been regularly removed under the Acts of Congress? (p. 526.)

S. A. *Miller* and J. H. *Ferguson*, for plaintiff in error.

W. S. *Laidley*, for defendant in error.

SNYDER, JUDGE :

Action of debt on a penal bond commenced in November, 1874, by Henry Rigg & Co. against H. C. Parsons in the Circuit Court of Cabell county. Henry Rigg having died the action was abated as to him and thereafter prosecuted in the name of Stephen Rigg as surviving partner. The case was removed to the Circuit Court of Kanawha county; and the defendant having craved oyer of the bond sued on demurred to the plaintiff's declaration; that the court on April 4, 1883, sustained the demurrer, " *and the plaintiff not desiring to amend his said declaration,* " judgment was entered for the defendants. The plaintiff, Stephen Rigg, obtained this writ of error to said judgment.

The declaration consisted of but a single count, the substance of which is as follows :—That on March 22, 1871, the defendant, Parsons, together with B. H. and B. G. Warthen, the two latter as principals and the defendant as surety, executed to the plaintiffs, H. Rigg & Co., their joint and several bond for the sum of $5,000.00, subject to this condition : that whereas, an attachment had been issued by the clerk of the Circuit Court of Fayette county on February 24, 1871, in an action pending in said court between the plaintiffs as H. Rigg & Co. and the said B. H. and B. G. Warthen, partners as B. H. Warthen & Bro., directing the sheriff to attach the estate of said B. H. Warthen & Bro., the defendants in said action, to pay the sum of $1,829.74 and costs; and that by virtue of said attachment the sheriff had attached and taken into his possession the property of said defendants, which property they desired to have returned to them and the same was accordingly returned to them ; and the said bond then provided, that if the said defendants will perform the judgment of said court to be made in said suit, then this obligation to be void, otherwise to remain in full force and virtue. For assigning a breach of said condition the plaintiffs say, that afterwards, in 1871, on the motion of said defendants, the said action, including said attachment, was in due form of law transferred to the District Court of the United States for the District of West Virginia; that the parties appeared before said District Court in which said action had been duly docketed for trial,

and the defendants showed to said Court that since the institution of said action they had each of them been duly adjudged bankrupts under the Act of Congress, and thereupon Stephen Hunter, their assignee in bankruptcy, was by an order of said court made a defendant in said action in the room and stead of said Warthens, but it was specially provided in said order that the same was not in anywise to affect the legal rights of the plaintiffs in said action against the security on the bond aforesaid; that such proceedings were afterwards had in said action in said District Court, that on January 17, 1873, the plaintiffs, in due form of law, recovered therein against the defendants' assignee as aforesaid, the sum of $1,579.69 damages, with interest and costs; that the said judgment remains in full force and that the said Warthens, Stephen Hunter, assignee as aforesaid, and the defendant, Parsons, have not, nor has either of them, nor any person for them, performed said judgment of the District Court, nor have they, or either of them, paid to the plaintiffs, or either of them, the said sum of $1,579.69, or any part thereof, although often requested so to do, whereby an action has accrued to the plaintiffs to have and demand of and from the defendant, H. C. Parsons, the $5,000.00 above demanded, to be 'discharged by the payment of the aforesaid $1,579.69, with interest, &c., and therefore they bring their suit.

The only error assigned by the plaintiff in error is, that the Circuit Court erred in sustaining the demurrer to the declaration; and he claims, that the demurrer was sustained by that court on the ground, that by the condition of the bond sued on the defendant bound himself as security for the performance of the judgment of the *Circuit Court of Fayette county* in said action, and as there was no judgment rendered by said Court he was under no obligation to perform a judgment of the *District Court*, which is a court of another and different jurisdiction. But the order of the court does not state on what ground the demurrer was sustained; and therefore, if the judgment is right for any reason, we must presume that the Circuit Court acted upon that reason, and affirm its judgment. (*Shrewsbury* v. *Miller*, 10 W. Va. 115; *Davis* v. *Packard*, 6 Pet. 41; *Harris* v. *Lewis*, 5 W. Va. 575.)

It will be observed, that the declaration in this case, while it distinctly alleges the non-payment of the damages, that is, the amount of the judgment recovered by the plaintiffs in the District Court, it wholly fails to aver the non-payment of the $5,000.00, the penalty of the bond sued on. The action is debt and the declaration demands the payment of the whole penalty of the bond. It was, therefore, indispensible to aver the non-payment of the sum demanded. (*Douglass* v. *Central Land Co.*, 12 W. Va. 502, 511.)

In *Reynolds* v. *Hurst*, 18 W. Va, 648, this Court upon mature consideration, and after reviewing the decisions on the subject, unanimously decided, that, "In a declaration in debt on a penal bond payable to an individual there must be an averment of the non-payment of the penalty; otherwise as to official bonds." This decision has since been approved in other cases. (*State* v. *Phares*, 24 W. Va. 657, 660.)

It is clear, therefore, that the declaration at bar is fatally defective and insufficient, and that the ruling and judgment of the Circuit Court was correct.

If nothing else appeared in the judgment and order of the court below, we would, notwithstanding the fact, that its ruling was not erroneous in sustaining the demurrer, reverse the judgment and remand the case with leave to the plaintiff to amend his declaration if he elects to do so, since we can plainly see, that it could be amended so as to avoid this ground of demurrer. (*Baylor* v. *B. & O. R. R. Co.*, 9 W. Va. 270.; *Morris* v. *Lemen*, 28 Id. 336.)

But the order sustaining the demurrer in this case shows, the plaintiff declined to amend. The language of the order is, "and the plaintiff not desiring to amend his said declaration," the court gave judgment for the defendant. It thus appears, that the Circuit Court offered the plaintiff an opportunity to amend and he declined to do so. It was certainly the right of the plaintiff to stand upon his declaration as it had been prepared, and it was not in the power of the Circuit Court to compel him to alter or amend it. Nor does this Court possess any such power. Neither can we order the Circuit Court to compel the plaintiff to amend. All that can be done by either this or the Circuit Court is to

grant leave to amend, and, if the plaintiff refuses to amend, then the only order or judgment that the court can enter is one dismissing the action. ( *White* v. *C. & O. R'y Co.*, 26 W. Va. 800; *McKay* v. *McKay*, 28 Id. 514.)

The record in this case showing, that an opportunity had been given the plaintiff by the Circuit Court to amend his declaration, and he having declined to do so, this Court has no right or authority to reverse the judgment of that court and remand the case to give the plaintiff an opportunity to amend his declaration. To do so would be merely to offer, that which the plaintiff has already declined and which the court has no power to compel him to accept. The only thing we can do, therefore, is to unconditionally affirm the judgment of the Circuit Court.

This conclusion excludes any necessity for the consideration of the sufficiency of the ground, upon which the plaintiff in error asserts the court below sustained the demurrer to the declaration. As compensation to some extent for the apparent fatal mismanagement of the case of the plaintiff in error, I will state, that upon a pretty thorough examination of the authorities, I came to the conclusion, that the declation could not have been amended so as to entitle the plaintiff to maintain his action. The power and effect of the removal of causes from a State to a Federal Court, as well as the entire jurisdiction of the latter, are wholly and exclusively statutory. No part of the proceedings or process had in the State Court pass by the removal of the cause to the Federal Court, except so far as the same is expressly authorized by the statute or by necessary implication. ( *The New England Screw Co.* v. *Bliven*, 3 Blatch. 240; *McLeod* v. *Duncan*, 5 McLeod 340; *Hatch* v. *Chicago, &c., Co.*, 6 Blatch. 106; *Northwestern, &c., Co.* v. *Corse*, 4 Biss. 514.)

At the time the bond sued on in this case was executed, to wit, March, 1871, the provision of the Act of Congress then in force simply declared, that the property attached should remain liable for the judgment of the Federal Court in the same manner, that it would for the judgment of the State Court if no removal had been made of the case. (U. S. Rev. St., § 646.) It makes no provision in re-

spect to bonds executed by a defendant for the release of
the attached property, though it does declare in express
terms, that injunctions and bonds executed by any *plain-
tiff* shall continue. in force and unaffected by the re-
moval.

In the Act of Congress of March 3, 1875, it is provided,
that, " all bonds, undertakings or security given by *either
party* in such suit prior to its removal shall remain valid
and effectual, notwithstanding said removal. (Sup. U. S.
Rev. St., p. 175, § 4.)   But this statute, having been enacted
long after the bond now in question had been executed, can
not affect the vested rights of the defendant as the security
upon said bond.   The defendant is entitled to stand upon
the very terms of his bond and his obligation can not be ex-
tended beyond the strict terms of his contract.   (*Leonard*
v. *County Court*, 25 W. Va. 45 ; *Miller* v. *Stuart*, 9 Wheat.
680).

The undertaking of the defendant by his bond was to
stand as security for the judgment rendered in the case by
the Circuit Court of Fayette county and not for a judgment
rendered by the Federal Court. (*Myers* v. *Parker*, 6 Ohio
St. 502).

But whether or not the views just intimated are sound, is
wholly immaterial in this case ; and it would, therefore, be
useless to further prolong this discussion.   For the reasons
and conclusion hereinbefore announced, the judgment of
the Circuit Court must be affirmed.

AFFIRMED.