## JONES v. SHAY.

1. **Damages:** BREACH OF COVENANT OF WARRANTY: PLEADING. In an action for a breach of covenant of warranty, where plaintiff has been evicted by the holder of the superior title, it is error to allow damages for the increase in the value of the land from the date of the purchase to the date of the eviction, where no claim is made for such damages in the petition.

*Appeal from Adams District Court.*

· MONDAY, JUNE 27.

THIS is an action at law by which Jones, the plaintiff and appellee, seeks to recover damages of the defendant for the alleged breach of the covenants in a deed of 160 acres of land. There was a trial to the court without a jury, and a judgment for the plaintiff. Defendant appeals.

*W. O. Mitchell*, for appellant.

· *Davis & Wells*, for appellee.

ROTHROCK, J.—The facts upon which the cause of action arose are as follows : The land in question belonged to one Burns. In the year 1874 Burns mortgaged the land to the defendant, Walter Shay, to secure the payment of $800 and interest. In the year 1878 he made a second mortgage on the land to Smith and Crittenden to secure the payment of $800 and interest. Shay foreclosed his mortgage in the circuit court of the United States, without making Smith and Crittenden parties to the suit. The land was sold to Shay under the decree of foreclosure, and he received a deed therefor on November 11, 1880. Smith and Crittenden foreclosed their second mortgage in the district court of Shelby county, where the land is situated, without making Shay a party, and they purchased the land at their foreclosure sale, and obtained a sheriff's deed, November 13, 1880. On the 31st day of March, 1881, Shay conveyed the land to the plaintiff herein

by a deed with full covenants of warranty. Afterwards Smith and Crittenden commenced an action against Shay and Jones to redeem from Shay. That cause was tried to the court below, and appealed to this court, and the rights of the parties were determined by giving Shay the exclusive right to redeem from the Smith and Crittenden mortgage within sixty days; and, if he failed to redeem within that time, Smith and Crittenden might redeem from Shay within ninety days. Shay failed to redeem, and redemption was made by Smith and Crittenden, who thus became the owners of the land. (See 62 Iowa, 119.) When Jones purchased the land of Shay, he paid Shay $800 in cash, and executed a mortgage upon the land for $1,200 for purchase money.

The plaintiff in his petition avers that he has been evicted from the land; that his title has wholly failed; and that he has paid $2,000 of the purchase-money for the same; and he demands judgment for that amount, with interest at six per cent per annum. No claim is made for improvements put upon the land, nor for any alleged increase in the value of the land from the time he made his purchase until the date of his eviction therefrom, and the petition contains no averments to the effect that the breach in the covenants in the deed was attended with such acts of bad faith on the part of Shay as to authorize a recovery for the increased value of the land. And it does not appear that any such claim was made during the trial. It is true that something was said by one or two of the witnesses with reference to the value of the land, but what was said was in connection with the rents and profits of the farm. The evidence had no reference to the increased value as an element of damages.

It is conceded by the parties that quite a large part of the damages awarded by the court consisted of the increased value of the land. Counsel for appellant claims that this was erroneous, and we think he is correct. It is perfectly manifest that the court was not authorized to try and determine issues not presented by the parties. It will be ample time to

consider the question as to the plaintiff's rights to damages when he makes a claim therefor.

The judgment will be reversed, and the cause remanded, with leave to plaintiff to amend his petition if he should be of the opinion that the failure of title was attended with such bad faith on the part of the defendant as to render him liable for more than the purchase-money paid, and interest.

REVERSED.