CYRUS D. ANGELL, Respondent, *v.* WILLIAM VAN SCHAICK et al., Appellants.

In an action by a real estate broker, living and doing business in Pennsylvania, to recover the compensation agreed upon for his services in effecting a sale for defendant, of certain lands in that state, the answer alleged in substance that under the statute laws of that state, all persons are forbidden from engaging in that business, without paying the prescribed fee and receiving a commission, and also are prohibited from recovering any compensation or commission for such services, which statutes were referred to and the material provisions set forth, that plaintiff when he rendered the alleged services had not paid the fee, that the highest appellate court in that state had " in a proper case brought before it for review," decided that a real estate broker not having paid the fee or obtained a commission could not recover compensation. Upon demurrer to the answer, *held,* that it set forth facts sufficient to constitute a defense; that it was not essential to set forth the facts appearing in the case referred to, or to give its title or where reported; but the averment that the courts of Pennsylvania had in " a proper case " made the decision was sufficient to allow proof that a decision had been made decisive of this case.

Also *held,* that the validity of the contract was to be determined by the laws of Pennsylvania.

*Angell* v. *Van Schaick* (56 Hun, 247), reversed.

(Argued February 3, 1892; decided March 15, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made March 25, 1890, which reversed a judgment in favor of defendants, entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*E. D. Northrup* for appellants. The alleged contract and cause of action arose in the state of Pennsylvania, and related wholly to real estate situated therein. The questions at issue are, therefore, governed by the laws of Pennsylvania. (*Johnson* v. *Hulings,* 103 Penn. St. 498; *Holt* v. *Green,* 73 id. 198 ;

*Burkholder* v. *Beetem,* 65 id. 496, 505 ; *Chadwick* v. *Collins,* 26 id. 138.) The alleged contract was an illegal contract, as well under the laws of New York as under the laws of Pennsylvania, for by the laws of Pennsylvania the plaintiff was prohibited from doing business as a real estate broker, without having a commission or license therefor, under a penalty of $500 for each offense. (*Best* v. *Bauder,* 29 How. Pr. 492; *De Witt* v. *Brisbane,* 16 N. Y. 512 ; *Smith* v. *City of Albany,* 7 Lans. 14 ; *Swords* v. *Owen,* 43 How. Pr. 186 ; *Foley* v. *Spier,* 100 N. Y. 552 ; *M. Bank* v. *Spaulding,* 9 id. 62; *Thatcher* v. *Morris,* 11 id. 437.) The illegality need not be such as tends to a violation of law, for which a penalty may be inflicted, to make the contract invalid. (*Tracy* v. *Talmage,* 14 N. Y. 176, 179, 190 ; *Thalimer* v. *Brinkerhoff,* 20 Johns. 397, 398; *Jackson* v. *Walker,* 5 Hill, 27.) No claim can be founded upon an act, the effect of which is to evade an excise statute. (*Gray* v. *Hook,* 4 N. Y. 449 ; *Nellis* v. *Clark,* 4 Hill, 424; *Bell* v. *Leggett,* 7 N. Y. 176; *Mosley* v. *Mosley,* 15 id. 334; *Staples* v. *Gould,* 9 id. 520 ; *Porter* v. *Havens,* 34 Barb. 533; *Teal* v. *Walker,* 111 U. S. 242.) The jurisprudence of the several states of the Union is not viewed as foreign in any sense in the courts of the United States. (*Owings* v. *Hull,* 9 Pet. 625.) If the contract be rendered illegal, it can make no difference in point of law, whether the statute which has made it so has in view the protection of the revenue, or any other object. (*Cope* v. *Rowland,* 2 Cromp. 157.) The statute in question is both penal and prohibitory. If it were only penal, with no express words of prohibition, the affixing of a penalty for the doing of an act renders whatever the offender may do in contravention of the statute, illegal, and he cannot recover for anything that he may do, to which that penalty relates. (*Hazard* v. *Flury,* 120 N. Y. 227 ; *Brady* v. *Mayor, etc.,* 20 id. 312 ; *Irwin* v. *Williar,* 110 U. S. 499 ; *Shepard* v. *Powers,* 49 Barb. 419 ; *Oscanyan* v. *W. R. A. Co.,* 103 U. S. 261 ; *Brown* v. *Tarkington,* 3 Wall. 377 ; *Prindle* v. *Caruthers,* 15 N. Y. 31.)

*William H. Henderson* for respondent. The contract set out in the complaint, and which constitutes plaintiff's cause of action, tested by the laws of this state, is a valid contract; it is neither *malum in se,* nor unjust, nor inequitable. (Story on Conf. of Laws, §§ 29, 33.) The fact must affirmatively appear that the neglect to pay the tax and take the commission was with intent to evade the statutes set out in the defense demurred to in order to defeat an action upon the contract in the courts of the state of Pennsylvania. (*Baker* v. *Baker,* 6 Lans. 509.) Courts of this state, in considering questions of this character, will take no notice of the tax or revenue laws of other states. (*Randall* v. *Van Rensselaer,* 1 Johns. 94; *Andrews* v. *Herriot,* 4 Cow. 513; *Skinner* v. *Tinker,* 34 Barb. 333; *Thompson* v. *Ketchem,* 4 Johns. 288; *People ex rel.* v. *Gates,* 43 N. Y. 40.) The contract sued upon is just and equitable; the defendants have had the benefit of a full performance thereof on the part of the plaintiff. It would seem to be against public policy now to permit them to escape performance on their part. (Story on Conf. of Laws, §§ 22, 23.)

*Per Curiam.* It is alleged in the complaint that the defendants owned real estate in McKean county, Pennsylvania; that the plaintiff was a real estate broker, having his office in that county, and that in 1886 the defendants employed the plaintiff to sell their realty, agreeing to pay him $500 for his services if he sold it for $30,000. It is further alleged that the plaintiff effected a sale for the sum mentioned. An answer was interposed in which two defenses were pleaded: (1) A general denial; (2) that in 1885 and 1886, the plaintiff was a resident of, and engaged in the business of a real estate broker in, McKean county. It was further averred that by the statutes and laws of that state all persons are forbidden, under a penalty of five hundred dollars for each offense, to engage in that business without paying to the treasurer of the county a fee fixed by the statute, and obtaining from that officer a commission authorizing them to carry on the business. It was

also alleged that "the highest court of ultimate and appellate jurisdiction of said state of Pennsylvania, in a proper case brought before it for review, has decided and still holds, that a real estate broker not having such commission or not having paid or caused to be paid into the treasury of the proper county, the sum of money required by said laws and statutes to procure the same, cannot recover compensation or commissions for his services as such real estate agent or broker. That by the laws and statutes of the state of Pennsylvania the plaintiff was absolutely prohibited from using or exercising the business or occupation of a real estate broker within the state of Pennsylvania under a penalty of five hundred dollars at and during all the times and periods of time mentioned in said complaint, and was also thereby prohibited from recovering in an action, any compensation or commissions for his alleged services as a real estate broker, alleged in said complaint." * * *

The statutes are referred to in the answer by the dates of their enactment, and the most important sections are literally set forth. It was further alleged in the answer: "That the plaintiff before the first day of January, 1887, had never paid or caused to be paid the sum or fee provided and required by said section five of said laws and statutes." "That the whole of the said alleged services of the plaintiff for the defendants herein, and all the other matters and transactions alleged in said complaint, so far as any thereof ever occurred, took place or were transacted, or performed, occurred, took place and were performed and transacted in said city of Bradford in said county of McKean and state of Pennsylvania, and none thereof were performed, transacted, nor agreed to be done, performed or transacted without said county of McKean; and that the land and property alleged and mentioned in said complaint was wholly situated in said county of McKean." To this defense the plaintiff demurred "upon the ground that such second defense is insufficient in law upon the face thereof, in not stating facts sufficient to constitute any defense." This demurrer was overruled at the Special Term, and a judgment

entered which was reversed at the General Term, and leave was granted the defendants to appeal to this court.

The learned counsel for the plaintiff says in his points that the second defense is insufficient because: (1) "There is no averment that the facts appearing in the complaint and in the answer demurred to, do constitute such *a proper case;* (2) There is no averment that the highest appellate court of said state of Pennsylvania ever did decide or ever will decide as in the answer averred upon the facts now appearing in these pleadings; (3) What facts must appear to constitute a proper case in the judgment of that court of ultimate and appellate jurisdiction is left wholly unstated." The position of counsel is not very clearly stated. Of course no decision has been made by the courts of Pennsylvania upon the identical facts presented by the pleadings in this case, because they have never been before those courts, but if the learned counsel for the plaintiff means that the defendants should have averred in their answer that the decisions were made in cases involving facts like or similar to those in the case at bar, that mode of pleading would be open to his objection that such an averment would be but an allegation of the conclusion of the pleader that the facts involved in the decided cases were in legal effect the same as those set out in the answer in this case, and the result would be that all of the facts in the decided cases would have to be set forth in order to enable the defendants to prove the decisions of that state. We are not now concerned about what the courts of Pennsylvania have decided or upon what particular facts their decisions were made. The sole question before us is, have the defendants pleaded sufficient facts to enable them to prove what those courts have decided? Upon the trial those decisions will or may be proved in the manner provided by our laws, and then the courts of this state will be called on to determine whether the adjudications made by the courts of the state of Pennsylvania are decisive of this case. It is sufficient to aver that the courts of that state have held that a real estate broker cannot, under their statutes, recover compensation for his services in negotiating sales without hav-

ing received a commission authorizing him to engage in that business. It is neither necessary to set out the facts on which the decisions were rendered, nor to refer to the cases by title, nor aver when or where reported, if reported.

The validity of this contract must be determined by the laws of the state of Pennsylvania, and we think that under the rule laid down in *Marie* v. *Garrison* (83 N. Y. 14) and *Lorillard* v. *Clyde* (86 id. 384), it is sufficient to aver that the courts of Pennsylvania hold that a real estate broker cannot recover his commissions unless authorized to engage in that business, as required by the statutes of that state.

The judgment of the General Term should be reversed, with costs, and the plaintiff should have leave, upon the payment of costs within twenty days, to withdraw the demurrer and try the issues raised by the pleadings.

All concur.

Judgment accordingly.