## GREELY v. McCOY.

1. Defendant sold certain county warrants to plaintiff, and gave him a writing, saying: "I hereby guaranty their collection and payment within five years from the date hereof." *Held* a guaranty both of collection and payment, and that plaintiff might treat it as a guaranty of payment, and proceed against defendant accordingly.

2. As such guarantor, defendant's undertaking was that, if the county did not pay the warrants within five years, he would. It was the duty of plaintiff, as the holder of such guaranty and such warrants, to allow the county an opportunity to pay; that is, to present the warrants for payment before he could hold defendant liable on his guaranty, or to show facts which would, as to defendant, excuse him (plaintiff) from so presenting them.

3. The complaint in this case *held* demurrable, because it shows neither.

(Syllabus by the Court. Opinion filed Aug. 17, 1892.)

Appeal from circuit court, Minnehaha county. Hon. F. R. AIKENS, Judge.

Action to recover on a guaranty of collection and payment of county warrants. Judgment on demurrer for defendant. Plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*Wynn & Nock*, for appellant.

Where a complaint contains the elementary constituents of a good cause of action, a demurrer will not be sustained. 1 Boone, Code Pl. §§ 33, 53, 55; Waite's N. Y. Ann. Code, 235.

On demurrer all reasonable intendments will be made in support of the pleading demurred to. Lorillard v. Clyde, 86 N. Y. 384; 1 Boone, Code Pl. §§ 54, 273; Comp. Laws, § 4924. A demurrer to the whole complaint cannot be sustained if the complaint shows any cause of action. Young v. Pearson, 1 Cal. 448; Fleming v. Albeck, 67 Cal. 226; White v. Lyons, 42 Cal. 282.

The guaranty declared upon in the complaint in the case at bar, is one of both payment and collection. 2 Boone, Code Pl. § 247; Davis v. Wells-Fargo, 14 Otto, U. S. 159; section 4283, Comp. Laws; Tuton v. Thayer, 47 How. Pr. 180; The Loomis v. Hurd, 57 Conn. 435; Gates v. McKee, 13 N. Y. 232; Douglas v. Reynolds, 7 Pet. 113; Crist v. Burlingame, 62 Barb. 351.

If the instrument containing the guaranty is not sufficiently described, the remedy is by motion and not demurrer. 1 Boone, Code Pl. §§ 53, 54 and 272; Bliss, Code Pl. § 425.

The defendant having possession of the guarantied instruments with the avowed purpose of collecting and paying according to his guaranty, it is not necessary for the owner to allege demand of maker to hold the defendant on his guaranty. 2 Pars. Cont. 793; Broakman v. Metcalf, 34 Hun. 429; Bank v. Hazard, 30 N. Y. 226.

*Winsor & Kittredge* and *Walter C. Fawcett*, for respondent.

The guaranty in the case at bar is one of collection. Baxter v. Mack, 17 How. 183; sections 4721, 4728, Comp. Laws; Bishop, Cont. §§ 384, 386.

The guarantied warrants in this case should have been presented for payment to the treasurer of the county, in order to hold defendant on his guaranty. Varner v. Nobleborough, 2 Greenl. 126; Daniel, Neg. Inst. 430; Steele v. County, 2 G. Greene, 469; 2 Dill. Mun. Corp. 501; Central v. Wilcoxen, 3 Col. 566; East Union v. Ryan, 86 Pa. St. 459; Pease v. Cornish, 19 Me. 191.

KELLAM, P. J. The complaint alleges that respondent sold to appellant a number of county warrants, therein particulary described, and, as a part of the transaction, executed and delivered to him a written guaranty, as follows: "For value received, I hereby guaranty that the above lists of warrants are genuine, and, having this day sold the same to Charles A. Greely, I hereby

guaranty their collection and payment within five years from the date thereof." The complaint then further alleges "that subsequent to the making, sale, and delivery of said warrants as aforesaid, and of said guaranty by Charles T. McCoy to this plaintiff, this plaintiff, at the request of the defendant, placed the said warrants as aforesaid in said defendant's hands for collection; that the five years in which said warrants were to be collected and paid have long since elapsed, and though this plaintiff repeatedly demanded of said Charles T. McCoy the amount of money due and owing upon said warrants, to wit, the sum of," etc., "the said Charles T. McCoy neglects and refuses to pay the same, and the same has never been paid." The defendant demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and plaintiff appeals.

Probably the complaint was drawn upon the theory that this writing constituted a guaranty of payment, instead of collection; though whether it did or not was the principal ground of contention between counsel at the argument. While it is not necessary in order to dispose of the question immediately presented by the demurrer, to determine the character and force of this writing in the respect referred to, still, as that is an important question between the parties, and must come up again when the case is again before the trial court, we think it proper to say that in our opinion the instrument is a guaranty of both collection and payment, for it so distinctly says. To hold that it is exclusively and solely either one and not the other is to make the contract less than the parties themselves have made it. The defendant has assumed both obligations in the same instrument, and the plaintiff may have his election as to which he will proceed upon. Tuton v. Thayer, 47 How. Pr. 180. We think, therefore, that plaintiff had a right to treat the contract as a guaranty of payment. It was, then, an undertaking by defendant that, if the issuing county did not pay these warrants within five years, he would. Failure of the county to pay was the condition precedent to defendant's liability. At first we were inclined to think the complaint defective in not alleging that the county had failed to pay these war-

rants. The complaint states that, subsequent to the sale, plaintiff placed these warrants in defendant's hands for collection; that the time had elapsed within which they were to be collected and paid; and that, though plaintiff had repeatedly demanded of defendant the amount of money due thereon, "the said Charles T. McCoy neglects and refuses to pay the same, and the same has never been paid." The failure to pay is thus definitely stated as the sequel to the demand upon McCoy, and the obvious thought, at least to us, was not that the county had failed to pay the warrants, but that McCoy had failed to pay the plaintiff. This, of course, would not show any breach of the contract of guaranty, for it would be quite consistent with the theory that the county had paid the warrants to McCoy as plaintiff's agent, but that he had refused to pay plaintiff. But we assume that this allegation, though not made as and where we should expect to find it, as the statement of a condition which must necessarily precede defendant's liability, really means that the county has not paid the warrants, and proceed to examine the complaint further.

As before stated, the contract of defendant was that, if the county did not pay these warrants within five years, he would. The default of the county must first be shown before a cause of action is stated against the guarantor. It is the law that these warrants were payable only upon presentation at the county treasurer's office. Until so presented and payment is refused, the county is not in default; so that, to state a cause of action against defendant as guarantor, the complaint should show that the warrants were presented for payment, as thus only could the default of the county be shown. The reasonable intendment of the guaranty was that within five years the issuing county would be prepared and ready to pay the warrants, if given the opportunity. In view of the law upon the subject, the guarantor could not be held to have undertaken that the county would look up the warrants, wherever they might be, and pay them, but that, being presented as required by law to entitle them to be paid, the county would pay them. Both parties knew the law, and that the warrants could only be paid by being presented for payment at the county treasurer's office, and they must have contracted in con-

templation of that fact. Such law also entered into and became a part of the warrants themselves, and so, when defendant guarantied that these warrants would be paid, the legal meaning of such a guaranty was that they would be paid if presented for payment where they were payable. Defendants' contract being to pay at the end of five years if the county did not, his liability depended upon and began with the county's default; but the county was not in default until the warrants had been presented and payment refused. There is nothing in the complaint to show that the county ever had an opportunity to pay them. But plaintiff replies that defendant is estopped from requiring such an allegation in the complaint, or from taking advantage of its absence, by the fact that, at his own request, he was in possession of the warrants for collection, and was himself responsible if they were not properly presented. But the complaint does not so state. It simply avers that, "subsequent" to the sale, plaintiff placed the warrants in defendant's hands for collection. How long subsequent to the sale, or how long they remained in defendant's hands, does not appear. Subsequent to the sale might have been after the expiration of the five years covered by the guaranty, in which event the complaint would present nothing to excuse the nonpresentation by plaintiff.

The complaint is defective in this respect: This transaction occurred nearly 10 years ago. The complaint is perfectly consistent with the theory that plaintiff himself had possession of these warrants until long after the expiration of the five years mentioned in the guaranty. Probably this is not the fact, but we cannot assume that it is not. If, as we think, it was primarily the duty of plaintiff, as the holder of these warrants, to present them for payment before the county would be in default, and he seeks to excuse himself for not presenting them, the excuse must be as broad as the duty. We do not think the general allegation that, at some time subsequent to the sale, the defendant took these warrants for collection, justifies the court in assuming that he had possession and control of them at the time when they should have been presented for payment, and that plaintiff was

thereby excused for not presenting them. The judgment of the circuit court, sustaining the demurrer, is affirmed. All the judges concurring.