## EVANS v. HUGHES COUNTY.

This court possesses the power, on remitting a case appealed to this court to the trial court, to direct that an amendment to a pleading may be made in the trial court, and such power should be liberally exercised in furtherance of justice. KELLAM, J. dissenting.

(Syllabus by the Court. Opinion filed April 19, 1893.

Appeal from circuit court, Hughes county. Hon. H. G. FULLER, Judge.

*H. E. Dewey*, for appellant.

*R. W. Stewart, State's Attorney, Hughes County*, for respondent.

CORSON, J. This is an application to this court to amend its judgment in this case by adding thereto that "plaintiff have leave to amend his complaint within sixty days upon the payment of the costs of the appeal." The court below sustained a demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. No leave to amend was given in the order, and no judgment was rendered in the court below upon the demurrer. The plaintiff appealed to this court, and it affirmed the order made by the court below.

The question presented is: Has this court power to grant the plaintiff leave to amend, or must he make such application to the trial court. While the power of permitting parties to

amend their pleadings is vested in the trial courts, and can only, in ordinary cases, be exercised by those courts, still we think this court possesses the inherent power, in disposing of cases brought before it on appeals, of directing that such amendments shall be allowed when this court deems it proper to make such a direction. This court has in numerous instances exercised the power of directing what further proceedings the court below shall take in the action, by directing the court to dismiss the action, correct its conclusions of law, and enter judgment in accordance with the opinion of the court, and recently, in the case of Greeley v. McCoy, 54 N. W. Rep. 659, it amended the judgment of this court by adding thereto leave to the plaintiff to amend his complaint, although it affirmed the order of the court below sustaining a demurrer to the complaint. It is true, in that case leave to amend had been given in the order sustaining the demurrer, while in the case at bar no such leave appears by the order to have been given. But, in our view, the fact that such leave was given in the order in the case cited does not materially affect the question of the power of this court to direct an amendment in the court below. In the very recent able work on Appellate Procedure by Elliott, the learned author says: "Where the facts are not in dispute, or where it is evident that no recovery can be had in the particular instance, the appellate tribunal may remand the case with instructions to dismiss the action, or to enter a final judgment in favor of the party entitled to it under the law. So, on the other hand, it is proper for the court, where justice requires it, to direct that the affirmance shall not preclude another action. So, too, amendments may be suggested or directed in furtherance of justice, and direction may be given to admit parties. It is safe to affirm that the result of all the particular instances, as a valid inductive process will show, is that the judgment on appeal may so direct the trial court as to require it to vary, amend, or modify its decree or judgment as to make it effectively yield justice to the parties

whose interests are involved." Section 569. The doctrine here laid down seems to be fully sustained by the practice of the appellate courts. The practice of making orders giving leave to parties to amend their pleadings in the court below, or giving parties the right to plead over in the court below, seems to be followed by the court of appeals of New York, whence our system of pleading is mainly derived. At the end of the decision in Lamming v. Galusha, 135 N. Y. 239, 31 N. E. Rep. 1024, after affirming the judgment of the supreme court at special term, is the following amendment of the judgment of the court: "Said judgment was amended by order entered October 28, 1892, by adding thereto the following: 'with leave to the defendants to withdraw their demurrer, and answer within twenty days after filing remititur in the supreme court, entry of order of judgment thereupon and service,' " etc. See, also, for similar orders, Mitchell v. Thore, 134 N. Y. 536, 32 N. E. Rep. 10; Rose v. Hawley, 133 N. Y. 315, 31 N. E. Rep. 236; Haebler v. Myers, 132 N. Y. 363, 30 N. E. Rep. 963; Angell v. Van Schaick, 132 N. Y. 187, 30 N. E. Rep. 395; Johnson v. Golder, 132 N. Y. 116, 30 N. E. Rep. 376. In Rothschild v. Whitman, 132 N. Y. 472, 30 N. E. Rep. 858, after affirming a judgment of the supreme court at general term sustaining a demurrer to an answer, the court of appeals made the following order: "Judgment should be affirmed, with costs, with leave to the defendants to amend their answer within twenty days upon payment of costs." In Rigg v. Parsons, 2 S. E. Rep. 81, 29 W. Va. 522, a demurrer to the complaint was sustained by the lower court, and the ruling of the trial court affirmed by the supreme court. In that case the court says: "It is clear, therefore, that the declaration at bar is fatally defective and insufficient, and that the ruling and judgment of the circuit court was correct. If nothing else appeared in the judgment and order of the court below, we would, notwithstanding the fact that its ruling was not erroneous in sustaining the demurrer, reverse the judgment, and remand the case, with leave

to the plaintiff to amend his declaration if he elects so to do, since we can plainly see that it could be amended so as to avoid the grounds of demurrer. * * * But the order sustaining the demurrer in this case shows that the plaintiff declined to amend. The language of the order is: 'And the plaintiff not desiring to amend his said declaration,' the court gave judgment for the defendant. * * * The only thing we can do, therefore, is to unconditionally affirm the judgment of the circuit court." In the case of Railroad Co. v. Lohges, 33 N. E. Rep. 449, decided in March of the present year, the appellate court of Indiana made the following order: "The judgment is reversed, with instructions to the court below to sustain the demurrer to each paragraph of the complaint, with leave to amend." See, also, Jones v. Shay, 72 Iowa, 237, 33 N. W. Rep. 650; Pierson v. David, 1 Iowa, 23; Sewing Mach. Co. v. Moore, 2 Dak. 280, 8 N. W. Rep. 131; Feldenheimer v. Tressel, 6 Dak. 265, 43 N. W. Rep. 94; Adams v. Smith, 6 Dak. 94, 50 N. W. Rep. 720. Such directions by the appellate court are made in furtherance of justice, and to prevent any misunderstanding in the court below as to the subsequent proceedings to be taken in the case. Certainly an appellate court, after a full examination of the case, is quite as well advised as to whether or not the party should be allowed to amend his pleadings as the trial court. We are clearly of the opinion, therefore, that this court not only possesses the power to give such directions, but that the power should be liberally exercised in furtherance of justice, in proper cases, to the end that causes shall, as far as possible, be tried upon their merits. While in the case at bar we are not able to see clearly how the complaint in this case can be amended so as to state a cause of action, we cannot say as matter of law that it cannot possibly be so amended, and hence we are disposed to give the plaintiff the opportunity to so amend his complaint, if he can do so. The judgment of this court will therefore be amended by adding thereto the following: ''With leave to the plaintiff to amend his complaint

within sixty days after the remittitur is filed in the court below, upon payment of the costs of this appeal."

BENNETT, P. J., concurring.

KELLAM, J., (dissenting.)   I dissent upon the same general grounds stated in my opinion in Andrews v. Wynn, 54 N. W. Rep. 1047.   It seems to me that the views there expressed apply with peculiar force to this case.   The action was brought upon a written instrument, and to recover money paid thereon, on the ground that the law under which defendant's board of commissioners assumed to act in making the written instrument was invalid, and that, there being no authority to make it plaintiff was entitled to recover the money paid for it.   Upon demurrer to the complaint it was held both by the court below and by this court that the plaintiff could not recover, because the payment constituted a voluntary payment, with full knowledge of all the facts, but under a mistake of law, and because, under the statute under which the written instrument was made, the board of county commissioners was not acting as the agent of the county.   We now remand the case, with a general order to the trial court to allow the plaintiff to amend his complaint.   This court does not know, nor can it now have the remotest idea, in what respect he may desire to amend.   In Andrews v. Wynn, *supra*, in which a similar order was made, the demurrer was directed to one specific defect in the complaint. The single allegation of the omitted fact would cure the defect, and make the complaint good.   In such case it might, perhaps, be understood that the order referred to an amendment to cure such defect; but here the defect is fundamental, and goes to the very substance and theory of the cause of action.   It is not apparent what curative amendment could be made to this complaint without changing the entire basis and theory of the cause of action, and yet we require the trial court to allow it to be amended.   I apprehend the court below will have difficulty in interpreting this order.   Does it mean that any amendment

which the plaintiff may present, not forbidden by established rules of practice. must be allowed, or simply that some amendment must be allowed? Is its effect to place the matter of amendment entirely beyond the discretionary power of the trial court, or only partially? In either view I think it contravenes the letter and the spirit of the statute. Where a demurrer is overruled below, and on appeal this court reverses and holds the demurrer good, and it can see, as in the Andrews case, *supra*, that the complaint is plainly amendable, there may be more plausible grounds for adding to the judgment of this court a direction that plaintiff be allowed to amend, but then only upon the theory that with all the facts before it this court may direct to be done what it is plain the trial court ought to have done; but even then, and whatever may be the authority of this court, the wiser practice, and that contemplated by the statute, in my judgment, is to leave questions of amendment to the trial court, until they cease to be questions of discretion, and become questions of law, and this only occurs when the discretion of the trial court is shown to have been abused.