JANE WARREN, Administratrix of the Estate of D. WARREN. Deceased, .v. M. W. CHANDLER, Appellant.

| 98 | 237 |
| 102 | 332 |
| 98 | 237 |
| 111 | 453 |
| 98 | 237 |
| 121 | 647 |
| 98 | 237 |
| e127 | 550 |
| 98 | 237 |
| 135 | 389 |
| 98 | 237 |
| 134 | 393 |

**Breach of Contract:** DAMAGES. Where one has put it out of his power to exchange properties by having sold his, the other party to the trade is not confined to nominal damages, and may recover the difference between the value of what he was to convey and that which he was to receive. In such cases, recovery is not limited to the increase in value of the property that was to be received by plaintiff.

SAME: *Expenses.* Expenses incurred by plaintiff in indeavoring to perform his part of the contract, before knowledge that defendant has put it out of his power to perform, may be recovered as damages.

**Evidence:** LAND TITLE. In an action for refusal to accept land which plaintiff agreed to convey to defendant in exchange for other property, plaintiff, to prove his title, offered an abstract, which the abstractor testified was correct. Attached to the abstract was the certificate of another abstractor, reciting that the title remained unchanged from the date of the abstract. *Held*, while the certificate is not admissible to show title, yet, as it was part of the abstract which plaintiff furnished defendant at the time the contract was consummated, and as plaintiff's evidence of title was sufficient, independent of the certificate, it was not error to refuse to strike it out.

**Court and Jury:** "TITLE" DEFINED. Parties to an exchange of lands, agreed that "*perfect title,*" subject to stated incumbrances, should be given. The court charged that one party had "title," and was, therefore, entitled to recover of the other. *Held*, the word "title," as here used, means, that the person having it has "perfect title," clear of all incumbrances, except those covered by said agreement. It was the duty of the court to determine these questions for the jury, upon the introduction of documentary evidence of title, or where the question of title is, from the testimony, one of law.

**Objection Below.** A failure to reply to a counter-claim set up by an amended pleading, cannot first be taken advantage of on appeal, by one who, below, treated said counter-claim as being issue.

*Appeal from Keokuk District Court.*— HON. DAVID
RYAN, Judge.

FRIDAY, MAY 15, 1896.

THIS action was commenced by D. Warren, plaint-
iff, and after the trial in the court below, he having
departed this life, his administratrix was substituted
as plaintiff. In this action, each party alleges per-
formance on his part of a certain written contract
entered into between them on August 1, 1893, for an
exchange of certain properties, and a failure upon the
part of the other party to perform said contract,
wherefore each asks to recover damages of the other.
The case was tried to a jury, and a verdict returned,
and judgment entered in favor of the plaintiff for
three thousand one hundred and twenty-seven dollars.
Defendant appeals.—*Affirmed.*

*C. H. Mackey* and *Woodin & Son* for appellant.

*L. C. Blanchard* and *C. M. Brown* for appellee.

GIVEN, J.—I. By the terms of said contract, War-
ren sold to Chandler, sections 12–98–39, in Osceola
county, Iowa, including one-third of the crop of 1893,
at eighteen thousand four hundred dollars, including
the rent, and the east-half of sections 18–98–38, Dick-
inson county, Iowa, including his share of the rent for
1893, at nine thousand six hundred dollars. Chandler
assumed a mortgage on the section of eight thousand
dollars, and on the half section, of two thousand dol-
lars, and was to convey to Warren certain lots in the
town of Delta, Iowa, at six thousand dollars, and to
give to him his stock of merchandise, furniture, and
fixtures in Delta, "at wholesale cost and two per
cent. for freight." The contract provides that

"abstracts of, and perfect title to date must be furnished by both parties," and also: "Any money difference between the properties when inventories are taken shall be paid in cash, bankable notes for one year or less. * * * Invoice to commence Aug. 2, 1893, and to be completed by Aug. 15, 1893, by transfer of titles. All deeds and abstracts to be made at once, and transferred to the respective parties, as shown by contract of Aug. 15, 1893. * * * D. Warren agrees to give peaceable possession of the above described land not later than March 1, 1894. M. W. Chandler agrees to give peaceable and immediate possession of stock, store, building, and one dwelling at close invoice. M. W. Chandler reserves use of dwelling occupied by himself, and the furniture store for six months from Aug. 10, 1893, at which time he agrees to give peaceable possession." On August 2, 1893, the parties proceeded to take an invoice of the merchandise, which was not completed until August 10, and from which it appeared that there was about one thousand four hundred dollars difference coming to the defendant. On August 15, it was agreed that the time for passing titles should be extended for ten days. On completion of the invoice, the plaintiff took possession of the goods and of one of the houses in Delta, and left the same in the possession of a Mr. Zigler, who thereafter conducted the business. Some goods were added to the stock by the plaintiff, and some were taken therefrom by the parties. Defendant was at Hartley, in O'Brien county, on August 15, when the extension of time was agreed upon, and after his return to Delta, to-wit: on August 19, he took possession of the store from Zigler, who was in charge, and also of the money which Zigler had taken in.

II. The court gave an instruction as follows: "You are instructed, so far as the title to the land in Dickinson county is concerned, that the evidence

establishes the title to have been in the plaintiff. In regard to the title to the land in Osceola county, you are instructed that the evidence shows the title to have been in one Shonkwiler. And if you find it established by the evidence that the plaintiff had procured a deed, to be made by Shonkwiler to the defendant, and to be deposited for his use and benefit, with a third party, upon the defendant's complying with the terms of the agreement on his part, and if you further find that no objection was made by the defendant to the deed at the time it was so deposited, then this would be a sufficient compliance with the terms of the contract, so far as it involved the conveyance of the section of land in Osceola county." Defendant's complaint of the instruction is, that it does not require the plaintiff to show perfect title, nor to show that there were no liens on the land other than the mortgages, and that the evidence does not show a perfect title. In *State v. De Long*, 12 Iowa, 454, this court said: "It was proper for the court to state who held the title to certain real estate, from the deeds introduced, or when the question of title was one of law, from the testimony." Plaintiff's evidence of title was documentary, and it was clearly the province of the court to determine the question of title. "Title," as contemplated in the contract, is a title free from incumbrances, other than as therein provided, and the word "title," as fully expresses the agreement of the parties, as would the words "perfect title." Concede, that the burden was on the plaintiff to show that his land was free from incumbrance, except the mortgages, it was for the court to determine whether he had so shown; and we think, the evidence warranted the court in instructing as it did upon this subject.

Plaintiff introduced in evidence, in connection with the deposition of G. H. Funk, to which it was

attached, as an exhibit, an abstract of the title to the Dickinson county land, made by Funk & Carlton, up to June 27, 1891, and which Mr. Funk testified was correct. Said abstract bore the certificate of Cory & Evert, examiners, that the title remained unchanged up to July 31, 1893. After the deposition and exhibit were read in evidence, the defendant moved to strike out said certificate, which motion was overruled. There was no error in this ruling. The certificate, though no evidence of title, was admissible as part of the abstract which the plaintiff had furnished to the defendant on August 15, 1893. Plaintiff's evidence of title was sufficient, independent of this certificate, to warrant the instruction given. Some question is made, with respect to a schoolhouse site on the land, but we think, there is nothing in the evidence to call for any different instruction on the plaintiff's title.

III. As to the measure of damages, the court directed the jury to find the value of the land, and of the rent thereof, which plaintiff was to convey to defendant, and the amount for which plaintiff was to give his note on completing the invoice, "on or about the twenty-sixth day of August, 1893, or the time as extended by mutual consent," to ascertain the value of the real estate and of the stock of goods that the defendant was to convey to plaintiff, to add thereto the incumbrance on plaintiffs's land which the defendant was to assume, "and the difference would be the measure of damages." The court also directed the jury to find the state of the accounts between the parties for goods put into and taken from the stock, and for cash received after the invoice, and to allow proper credits therefor; also, to allow the plaintiff for any expenses incurred by him after a breach of the contract in an endeavor to perform the same. Defendant makes several complaints of

these instructions, which seem to us to be without merit. One is that the jury was not told at what date it should estimate the values. We think they must have understood that it was at the date of the breach of the contract. Another complaint is that the jury was told to find "the reasonable and fair value" of the property plaintiff was to convey, and to find "the reasonable fair market value" of the property the defendant was to convey. The objection strikes us as purely technical, but, if there was any error in it, it was without prejudice to the defendant. The jury must have understood that it was the reasonable and fair values that it was to ascertain. Under the instruction, the plaintiff would be entitled to recover, if at all, the difference between the value of the property which he was to give and the value of that which he was to receive; in other words, any profit that there might be in the transaction to him. The defendant contends that, as there was neither allegation nor proof of any change in the values between the time the contract was made and the time of the alleged breach thereof, the plaintiff is only entitled to recover, if at all, nominal damages. As said in *Brownell v. Chapman*, 84 Iowa, 504 (51 N. W. Rep. 249): "In considering the question, we must keep in view the rule, universally recognized, that the damages for breach of contract must be limited to such as would naturally come within the contemplation of the parties at the time the contract was made." "The measure which is more in accord with legal principles and analogies is that laid down in the English case referred to, and which has been followed in several late decisions in this country,—the difference between the price fixed in the contract and the real value at the time the contract was to be executed." 2 Suth. Dam. (2d Ed.) section 570 and cases cited. "If the party omits

to do what he stipulated, it is just, as a reasonable substitute, that he should pay the precise value of the thing which he contracted to do, and such value to be estimated at the time when the act in question should have been executed." 2 Suth. Dam. (2d Ed.) 566. Had the contract been performed, plaintiff would have received the property which the defendant was to convey to him; and it must have been contemplated by the parties that if the defendant should, without lawful excuse, fail to convey it to the plaintiff, the plaintiff would be entitled to the value thereof in case he had conveyed to the defendant, but, if not, then that he would be entitled to the difference in the values. The plaintiff is not restricted to the increase in the value of the property he was to receive, but is entitled, if at all, to the full benefit of his contract. The evidence shows beyond controversy that the defendant had, prior to the contract, deeded a portion of the real estate which he had agreed to convey to the plaintiff, and the court instructed that, by this act, he had put it beyond his power to comply with the terms of the agreement, and had therefore broken his contract. This fact entitles plaintiff to recover substantial damages if there was no default on his part. *Foley v. McKeegan,* 4 Iowa, 11; *Sweem v. Steele,* 5 Iowa, 353; *Sawyer v. Warner,* 36 Iowa, 333; *Jones v. Shay,* 72 Iowa, 237 (33 N. W. Rep. 650), cited and relied upon by defendant, simply holds that it was error to allow increased value of the land, as no such claim was presented by the parties. In *Kirkpatrick v. Downing,* 58 Mo. 32, also cited by defendant, the court, after a careful review of the authorities, made this announcement: "Where there is no evidence given, showing any change in the stipulation, the consideration paid and interest, will be taken as the correct value of the land; but, where there is evidence given, showing a change

in the value of the land, the value at the time the breach occurred, and when the conveyance ought to be made, will furnish the standard of damages. This is fair and just for both parties, as they obtain precisely what they are entitled to, and the basis is predicated on actual loss, the value, and adequate compensation. * * * The arbitrary and unbending rule, that the purchase money and interest shall, in all cases, be taken as the criterion of damages will, in the majority of instances, do injustice either to the seller or purchaser." While there is no evidence in this case showing an enhancement in the value of the property which the plaintiff was to receive, there is evidence as to the actual value thereof, and the actual value of that which he was to give. The instruction, as was said in the case last cited, "gives to the purchaser precisely what he has lost in consequence of the breach of contract committed by his vendor, and it makes the latter responsible for the violation of his agreement in the full amount to which he has occasioned injury."

IV. A few days before the trial, the defendant filed an amendment to his answer, alleging, as a counter-claim, that the plaintiff took goods out of said store, of the value of two hundred dollars, and converted the same to his own use, for which the defendant asks judgment. The court instructed the jury to inquire as to the amount of goods bought and added to the stock by plaintiff, and the amount taken by him, or those representing him, from the store for their own use, and to ascertain the condition of the accounts, and give to each party his proper credit. It appears that no reply was filed to the defendant's amendment claiming the two hundred dollars, and, therefore, he contends that he is entitled to that sum as admitted, and that the court erred in submitting it to the jury. Evidence was

introduced, without objection, as to the amount of goods added to and taken from, the stock of merchandise by the plaintiff and those representing him; and, so far as appears, the defendant is now claiming for the first time, a default upon said amendment to his answer, because no reply was filed thereto. With this record before us, we think the defendant should not now be held to insist upon this claim, and that, although no reply was filed to said amendment, there was no error in submitting the claim to the jury, in view of the course pursued by the parties on the trial. See *Hervey v. Savery*, 48 Iowa, 322, and *Burnett v. Loughridge*, 87 Iowa, 329 (54 N. W. Rep. 238).

V. As already stated, the court authorized the jury to allow the plaintiff for any expenses incurred by him after a breach of the contract, in an endeavor to perform the same. Defendant insists that the plaintiff is not entitled to recover for such expenses after the breach of the contract, but that such recovery must be limited to expenses incurred before its breach. It will be observed that defendant had deeded away part of the real estate, which he was to convey to the plaintiff, prior to entering into this contract, and thereby had put it out of his power to perform the contract. This was a breach of the contract at the very time of its execution, but of this fact the plaintiff had no knowledge, and he is surely entitled to recover the expenses necessarily incurred in an endeavor to perform the contract on his part, up to the time at which he knew of the defendant's inability to perform the contract, or his determination not to perform it; and this information, it appears, he did not acquire until after the expenses in question had been incurred.

We have examined the record with care, and fail to discover any sufficient reasons for disturbing the judgment of the district court, and it is therefore AFFIRMED.