## SUPREME COURT.

ERASTUS CORNING and others agt. THE MOHAWK VALLEY IN-
SURANCE COMPANY.

The proper remedy to obtain the sequestration of the property and effects of a
corporation, and the appointment of a receiver, is by the summary proceedings
in equity, provided by the Revised Statutes. (2 R. S. 463.) That is, by pe-
tition, on judgment and return of execution unsatisfied. Although, no doubt,
a new action under the Code, for that purpose, might be available.

*Albany Special Term, March,* 1855.

MOTION for a receiver, &c.

The plaintiffs, having recovered several judgments against
the defendants, upon which executions had been issued and re-
turned unsatisfied, brought this action to obtain a sequestration
of the stock, property, things in action, and effects of the de-

fendants, and to have a receiver of the same appointed. By an order, made at a former term of the court, the defendants were required to show cause why the relief demanded by the plaintiffs should not be granted.

Upon this motion it appeared that, before the commencement of this action, Samuel Belding, jr., had also recovered a judgment against the defendants, and that an execution issued upon such judgment had been returned unsatisfied, and that thereupon a petition had been presented to the court pursuant to the 36th section of the article of the Revised Statutes relating to proceedings against corporations in equity; and such proceedings were had thereon, that an order was made, on the 15th day of January, 1855, declaring a sequestration of the stock, property, things in action, and effects of the defendants, and directing a reference to appoint a receiver of the same; and that, on the 22d day of January, George Bell was appointed such receiver.

W. L. Learned, *for plaintiffs.*
D. P. Corey, *for defendants.*

Harris, Justice. It is not denied that, but for the provisions of the Code, the proceedings for the sequestration of the property and effects of the defendants, and the appointment of a receiver, would have been regular and effectual, to vest such property and effects in the receiver. But it is insisted that, since the adoption of the Code, such sequestration can only be had in an action prosecuted for that purpose. In this view I cannot concur. An action commenced for this purpose might, no doubt, be made effectual. A sequestration of the property of the corporation, and the appointment of a receiver, might be obtained in this way. (*See Morgan* agt. *The New-York and Albany Railroad Company,* 10 *Paige,* 290.)

But the 36th section of the statute relating to proceedings against corporations in equity, (2 *R. S.* 463,) authorizes the party who has obtained a judgment against a corporation to

apply at once, upon the return of an execution unsatisfied, for a sequestration and the appointment of a receiver. No new process against the defendant in the judgment is to be issued. No new suit instituted. The application to the court is by petition, founded upon the proceedings in the action in which the judgment has been recovered. It is a summary remedy provided by statute, and, as such, is expressly saved by the 471st section of the Code, which declares that that act shall not affect " any special statutory remedy" which had not theretofore been obtained by action. Nor is there anything in the proceeding inconsistent with any provision of the Code. I think, therefore, that the statutory provisions under which the proceedings have been had to obtain a sequestration of the defendants' property and effects, and the appointment of a receiver of the same, are still in force. If so, the defendants' property and effects are already in the hands of a receiver, appointed for the benefit of the plaintiffs in this action, as well as the creditor by whom the appointment was procured.

This motion must, therefore, be denied; but I think it should be without costs.