## SUPREME COURT.

### George Catlin agt. George S. Doughty.

The former action by *judgment-creditor's bill* (2 *R. S.* 173, §§ 38, 39) is still in force, and may be resorted to, after execution returned unsatisfied, in whole or in part. The Code has not repealed the provisions of the Revised Statutes in reference to this action, except that portion which authorizes a *discovery.* That is, the allegations in the complaint must be positive that the debtor has

property or interests in property, &c., not calling for a discovery thereof, but praying that the defendant be adjudged to apply such property to the payment of the judgment, &c.

*Richmond Special Term, May,* 1856.

THE complaint in this case is in the old form of a judgment-creditor's bill, after the return of an execution unsatisfied, except that it alleges positively that the defendant is interested in certain property, and particularly in ten or more shares of the capital stock of the Excelsior Fire Insurance Company, or of some other company, or that he has money deposited to his credit, or securities for money held in trust for him, or for his benefit; and that it does not pray a discovery, but that the defendant be adjudged to apply such property to the payment of the judgment, and be enjoined from disposing of it.

The defendant demurs, insisting that the Code abolishes this action, and leaves the plaintiff no remedy except by supplementary proceedings, unless the action is brought to remove some fraudulent obstruction to the execution of the judgment.

WM. I. STREET, *for plaintiff.*
JOHN M. VAN COTT, *for defendant.*

MITCHELL, Justice. The remedy by action is expressly given by the Revised Statutes, (2 R. S. 173, §§ 38, 39,) whenever an execution is returned unsatisfied, not only to obtain a discovery of property, but also to prevent the transfer by the defendant of any property, money, or thing in action, due to him, or held in trust for him, and to allow a decree for the satisfaction of the sum remaining due on the judgment out of any such property of the defendant. This part of the Revised Statutes, except so far as it allows of discovery by action, has not been expressly repealed, and remains in full force, and sustains the present action, unless the Code, by implication, repeals it.

Section 299 of the Code applies only to actions against third persons, not to those between the judgment-creditor and judgment-debtor only. It directs, that when a person alleged to have property of the judgment-debtor, and to be indebted to

him, claims an interest in the property adverse to the debtor, or denies the debt, "such interest or debt shall be recovered *only in an action* against such person, or corporation, *by the receiver.*"

Section 296 had given power to the judge to order property of the judgment-debtor, in the hands of himself or of any other person, or due to the judgment-debtor, to be applied towards the satisfaction of the judgment. ' This is a summary authority to be exercised without action, and is broad enough to include even property claimed by third persons. To prevent the exercise of that summary power, when third persons made an ad-[a] verse claim, the 299th section was framed, so as not to allow such property to be touched without an action. The word "only," there, is to be connected with its nearest consequent "action," and not with the more remote word *receiver*, so as to read, "shall be recoverable only in an action (*i. e.* not by order of the judge) against such person or corporation by the receiver. It thus authorizes an action by the receiver, and prohibits a summary order where third persons are concerned, and does not, even in those cases, take away the plaintiff's right to an action, if formerly he had such right. (*See Goodyear* agt. *Betts,* 7 *How. Pr. Rep.* 187.)

There is nothing in the chapter of the Code as to "proceeding supplementary to execution," which shows that it was intended to do away with the old remedy by action. It is limited in its application, and cannot be effectual against the debtor himself, unless he resides in the state, or can be served with the order here. If an action is instituted, he may be proceeded against by publication.

It was said, that the Code allows a receiver after judgment and execution returned unsatisfied, only when the judgment-debtor refuses to apply his property in satisfaction of the judgment. It does allow the receiver, in that case, and also "in such other cases as may be in accordance with the existing practice." (§ 244, *sub.* 5.) Besides, the present question is not whether a receiver shall be appointed. If the defendant is

willing to apply his property in satisfaction of the judgment, no receiver will be needed.

The objection, that the Code (§ 71) prohibits an action to be brought upon a judgment, does not apply: the prohibition is against what is known at common law as an action on the judgment: one in which another judgment is to be obtained only for the recovery of the debt contained in the first judgment. This action is not on the judgment, but on that and other material facts, namely, the ownership, by the defendant, of property held in trust for him, or for his benefit, or of debts due to him, and is not to obtain money against him personally, but the application of that property in satisfaction of the judgment.

If there should be any oppression in resorting to an action when the summary proceedings would be more proper, the court has a remedy in its own power in the disposition of the costs, as, in such actions, costs are in its discretion.

Judgment should be entered for the plaintiff, unless the defendant, within twenty days, put in an answer, and pay the costs on the demurrer.