FELDENHEIMER, Appellant, *v.* TRESSEL ET AL., Respondents.

### 1. Equity — Creditor's Suit — Right of Action Under the Code.

Where a complaint in a creditor's suit alleged that the defendant T., at the time of incurring the obligation, was solvent; that thereafter he made conveyances of his property for the purpose of defrauding his creditors and pretended to have become insolvent; that the plaintiff had recovered judgment, issued execution thereon and the same had been returned unsatisfied; that prior to the rendition of the judgment, T. had purchased land with his own means and, for the purpose of defrauding his creditors, caused the conveyance to be made directly to his wife, who was cognizant of his fraudulent purposes, *held*, in an action against T. and his wife to subject the land to the payment of the judgment, that the complaint stated facts sufficient to constitute a cause of action, and that proceedings supplementary to execution would not afford an efficacious remedy in such a case.

### 2. Same — Supplementary Proceedings, Inadequacy of.

The design of supplementary proceedings is to summarily determine the property of the debtor liable to execution. Third persons cannot be made parties, nor can their rights, or titles, be passed upon therein. For the purpose of reaching equitable assets, or setting aside fraudulent conveyances, these proceedings do not afford an adequate remedy.

(Argued May 15, 1888; reversed May 25, 1888; opinion filed June 3, 1889.)

APPEAL from the district court, Hutchinson county; Hon. BARTLETT TRIPP, Judge.

Creditor's bill. Demurrer that the complaint does not state facts sufficient to constitute a cause of action for the reason that the provisions of the Code of Civil Procedure in regard to proceedings supplementary to execution are a substitute for the remedy formerly afforded by creditor's bills and are exclusive of any other remedy by judgment creditors. The demurrer was sustained *pro forma* in the district court and the plaintiff appealed.

*R. B. Tripp*, for appellant.

The only question presented is, do supplementary proceedings furnish an adequate remedy for the facts stated? They do not. Freeman, Ex., § 394.

Mrs. Tressel, a third party to the original action, could not be bound by any order made in such proceedings. Burt v. Hoettinger, 28 Ind. 214; Gasper v. Bennett, 12 How. Pr. 307; Rodman v. Henry, 17 N. Y. 482–5. The legal title was never in the

debtor. In such case, in the absence of statute, his interest cannot be levied on and sold on execution; the only remedy is in equity. Freeman, Ex., § 136. That this action will lie where similar codes exist, see, also, Enright v. Grant, 15 Pac. Rep. 268; S. C., 16 id. 595; Twell v. Twell, 9 Pac. Rep. 537; Goodyear v. Betts, 7 How. Pr. 187; Bennett v. McGuire, 58 Barb. 625; Ludes v. Hood, 29 Kan. 49; Multnomah Ry. Co. v. Harris, id. 402; McCaskill v. Lancashire, 83 N. C. 393; Taylor v. Dunlap S. & L. Co., 16 Pac. Rep. 751.

Expressions may be found in the books to the effect that proceedings supplementary to execution are a substitute for the creditor's bill, but there are only two cases (Graham v. La Crosse & M. Ry. Co., 10 Wis. 459; Hexter v. Clifford, 5 Colo. 168) tending to sustain any such doctrine. From the disfavor these decisions have met in the states where rendered, they could hardly be regarded as possessing any authority. See Seymour v. Briggs, 11 Wis. 196; Gates v. Boomer, 17 id. 455; Allen v. Trich, 5 Colo. 222.

To hold this action would not lie would be to deprive the district courts of a part of their jurisdiction under the act of congress, R. S. U. S. § 1868; Enright v. Grant, *supra;* Frazer v. Colorado D. & S. Co., 5 Fed. Rep. 163.

*G. P. Harben,* for respondents.

The modes of proceeding were intended by congress to be left to the territorial legislatures. Hornbuckle v. Toombs, 18 Wall. 648; Davis v. Billsland, id. 659. The proceedings supplementary to execution being valid, and furnishing the only remedy here, this action must fail. The procedure adopted at the first session of the legislature, chap. 2, L. 1862, p. 131, the Ohio Code, expressly permitted this kind of an action. This chapter was repealed in 1867, on the adoption of the New York Code. This right of action does not now exist. In re Remington, 7 Wis. 643; Graham v. La Crosse & M. Ry. Co., 10 id. 459; Seymour v. Briggs, 11 id. 196; Reed v. Baker, 3 N. W. Rep. 959; Prescott v. Pfeiffer, 23 id. 477; Hexter v. Clifford, 5 Colo. 168; Harst. Pr., § 714; Adams v. Hackett, 7 Cal. 201; McCollough v. Clark, 41 id. 302;

Jonroy v. Woods, 13 id. 626; Hartman v. Oliver, 51 id. 504; 2 Estee (3d ed.), 22, n.

SPENCER, J. (*After stating the above facts.*) This is a bill filed by the plaintiff, as a judgment creditor, for the purpose of having declared void and set aside a conveyance of the defendants' lands, alleged to have been made fraudulently, and praying that such lands may be subjected to the judgment recovered by said plaintiff against the defendant John J. Tressel, previous to the filing of this bill, and that the same may be sold in satisfaction of plaintiff's judgment. The material allegations of the complaint are as follows: That the defendant John J. Tressel and one Stoner were copartners in 1884, engaged in the mercantile business under the firm name of Tressel & Stoner; that during the year 1884 said firm became indebted in the sum of several hundred dollars to the plaintiff; that at that time said firm, and particularly said Tressel, was solvent; that after said indebtedness was incurred the said Tressel purchased the entire interest of said Stoner in the property of the said copartnership, and became the exclusive owner thereof; that said Tressel pretended in 1885 to have become insolvent and unable to pay his debts; that during that and the following year he made false and fraudulent assignments and conveyances of his property for the purpose of cheating and defrauding his creditors; that he has concealed his property and by sundry mesne conveyances has invested his wife, the defendant Mary S. Tressel, with the apparent title thereto; that on May 3, 1886, the plaintiff, in the district court of this territory, recovered a judgment against the defendant John J. Tressel and said Stoner, and that such judgment was duly entered and docketed in the proper office; that execution was regularly issued upon said judgment to the sheriff of the proper county, and was before the commencement of this action returned wholly unsatisfied; that by reason of the fraudulent conveyance made by said defendant John J. Tressel said execution cannot be made or collected; that about April 8, 1886, said Tressel purchased of one Weisz certain real estate of the value of several hundred dollars, and paid the consideration therefor from his own funds, and became the owner thereof; but, instead of taking the title thereof to himself, pro-

cured the said Weisz to execute the conveyance thereof directly to his wife, said Mary S. Tressel, for the purpose of defrauding his creditors, and especially this plaintiff; that such deed was duly recorded, and the title remained in the name of said Mary S. Tressel at the time of bringing this action, though the premises are in fact the premises of said defendant John J. Tressel; that said Mary S. Tressel had knowledge of these fraudulent acts and purposes of said defendant John J. Tressel, and has assisted and colluded with him to defraud his creditors and this plaintiff.

To this complaint the defendants demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action, the particular ground of demurrer being that creditors' bills will not lie in this territory, for the reason that the provisions of the Code of Civil Procedure in regard to proceedings supplementary to execution have superseded the remedy by creditors' bills, and now furnish in this jurisdiction the exclusive remedy to judgment creditors to subject property to the satisfaction of their debts.

What were the powers of the court of chancery in reference to creditors' bills?

The court of chancery formerly had cognizance of bills filed by judgment creditors, after they had exhausted their remedies at law, to subject lands fraudulently conveyed to the payment of their judgments (Edgell v. Haywood, 3 Atk. 357; Edmeston v. Lyde, 1 Paige, 637); and by the filing of such a bill the creditor acquired a lien upon lands which were superior to any subsequent conveyanee. Such bills were sustainable under the ordinary jurisdiction of the court. Its power to hear such cases and set aside fraudulent conveyances which stood as obstructions to executions at law was inherent in the court, and not dependent upon any statute. Beck v. Burdett, id. 305.

From its earliest history the court of chancery has exercised the power of compelling the transfer of the title to real estate by obliging parties holding the legal title to convey it, or by directing it to be sold by some officer of the court appointed for the purpose, or by declaring the title by which it was held fraudulent, and subjecting it to sale under an execution at law. Mould v. Williamson, 2 Cox, Ch. 386; Edgell v. Haywood, 3 Atk. 357;

Burroughs v. Elton, 11 Ves. 33. These decisions have since been followed, both in England and in this country, particularly upon bills by judgment creditors to set aside fraudulent conveyances. Thus it was held in Hendricks v. Robinson, 2 Johns. Ch. 283, that one creditor might maintain a bill on behalf of himself and other creditors, or on behalf of himself alone, to have certain conveyances of his debtor declared fraudulent and void; and in Cuyler v. Moreland, 6 Paige, 273, that a bill will be sustained filed by a judgment creditor for the double purpose of removing a fraudulent obstruction to an execution at law and of reaching the debtor's equitable assets; and though a fraudulent assignor dies before judgment against him, a creditor's bill will lie to set aside a fraudulent conveyance made by him. Frazer v. Western, 1 Barb. Ch. 220. In Wakeman v. Grover, 4 Paige, 23, the bill of a judgment creditor to obtain satisfaction out of his debtor's equitable assets was sustained, as was also a bill filed by such a creditor for the enforcement of his judgment out of property which the debtor had fraudulently placed out of his reach. Weed v. Pierce, 9 Cow. 722.

It is, therefore, settled beyond question that originally the court of chancery, in the exercise of its equitable powers, had jurisdiction of creditors' bills brought for the purpose of setting aside fraudulent conveyances, or reaching equitable assets which the defendant had put in the hands of third parties; and the plaintiff in the suit at bar, having exhausted his remedy at law by the return of his execution, as appears from his bill, was in situation to ask the aid of equity to set aside the alleged fraudulent conveyance, if the facts should demonstrate that it was so, and to reach the equitable assets, if any, which had been put out of his reach by the defendant.

The supreme and district courts of this territory have, under the organic law, chancery, as well as common-law, jurisdiction (Organic Law, Comp. Laws, § 33); and hence this complaint in its present form may be maintained unless some other remedy equally effectual has been provided by law. It is claimed that such remedy has been provided by the Code of Civil Procedure in its provisions in regard to proceedings supplementary to execution, and that this remedy is exclusive. We are unable to assent to this

proposition for several reasons.   The remedy afforded by proceed-
ings supplementary to execution is not as effective as that furnished
by creditors' bills as administered by courts of equity.   They are
merely proceedings in the original action for the purpose of en-
forcing the judgment already recovered.   Dresser v. Van Pelt,
15 How. Pr. 19 ; Gold v. Torrance, 19 id. 560.   In the latter
case the court, in defining these proceedings, says that they are
in the nature of additional or equitable executions.   It is not in
any sense a new suit.   By these proceedings a summary mode is
instituted for ascertaining what, if any, property a judgment
creditor may have under his control or in his possession subject
to execution, and if any persons are owing him, and to what ex-
tent.   Third persons cannot be made parties to the original suit,
though they be compelled to appear and be examined as to any
property under their control or in their custody belonging to the
defendant, or as to whether they owe him.   But this is the ex-
tent to which the inquiry can go in such proceedings.   If prop-
erty belonging to the defendant is found upon such an examina-
tion in the hands of these persons, it may be ordered turned over
to apply on the judgment debt ; but if the right of the person
having it under apparent title comes in question, if he claims to
be the owner of the property, the question of title cannot be sum-
marily disposed of by the court or judge before whom the pro-
ceedings may be pending.   Such questions must be adjudicated
and determined by an action brought for that purpose.   It is
thus made apparent that the remedy by proceedings supplement-
ary to execution are much less efficacious, and in many cases
would not afford relief to the same extent as a bill in equity, and
this even though the proceeding should be prosecuted to a re-
ceivership and carried to its utmost extent under the statute.

In Field v. Sands, 8 Bosw. 685, it was held that the commence-
ment of supplementary proceedings and the appointment of a re-
ceiver therein did not create any lien upon assets previously
assigned by the debtor ; that such assets could only be reached
by a creditor's suit.   A similar decision was made in Conger v.
Sands, 19 How. Pr. 8.   See, also, Gasper v. Bennett, 12 id. 307.
It is doubtless true that in many jurisdictions adequate remedies
have been provided by law to accomplish some of the purposes of

creditors' suits — discovery of assets, debts owing by third persons, and the like — and for these purposes proceedings supplementary to execution may be considered a substitute. But for the purpose of reaching equitable assets of the judgment debtor, or to set aside fraudulent transfers of property, supplemental proceedings provide an inadequate remedy; and, though in many respects they may serve as a substitute for a creditor's bill, they are by no means the exclusive remedy to which the creditor may resort. He may still have his creditor's suit. Pope v. Cole, 64 Barb. 406; Bank v. White, 6 N. Y. 236.

The right of a judgment creditor to maintain an action in the nature of a creditor's bill, notwithstanding the remedy provided by proceedings supplementary to execution, has been frequently held. Thus, in Catlin v. Doughty, 12 How. Pr. 457, it was held that the former action by judgment creditor's bill was still in force, and might be resorted to by a judgment creditor to reach equitable assets after the return of an unsatisfied execution. In Gere v. Dibble, 17 How. Pr. 31, it was held that a creditor's bill would lie in favor of judgment creditors on their own account to set aside a fraudulent conveyance made by the judgment debtor on his real estate, even after the appointment of a receiver in proceedings supplementary to execution, the judgment constituting the basis of the action having been recovered before the receiver was appointed. In Bennett v. McGuire, 58 Barb. 625, it was held that a judgment creditor, even after having commenced proceedings supplementary to execution, had a right to abandon the same and maintain an action in his own name to set aside a mortgage executed by a judgment debtor as being without consideration, and fraudulent. The following cases will be found, also, to sustain this petition: Bartlett v. Drew, 4 Lans. 444; Phelps v. Platt, 50 Barb. 430; Taft v. Wright, 47 How. Pr. 1; Burt v. Hœttinger, 28 Ind. 217: Parsons v. Meyburg, 1 Duv. 206; and there are others of like import. We cannot assume that the legislature intended to take from creditors any of the remedies that they enjoyed under the court of chancery for the enforcement of their judgment, after having exhausted their remedy at law, and turn them over to the often inadequate and imperfect remedy provided by the statute in regard to proceed-

ings supplementary to execution. Upon reason and authority the remedy by creditor's suit exists now as it formerly did under the court of chancery. Under the Codes of Procedure a suit in the nature of a creditor's bill may be maintained under the same rules which formerly prevailed in courts of chancery. The Code has changed the form of the suit, but has not affected the rights of the parties, or impaired the powers of courts having equity jurisdiction from administering proper relief in a case showing a state of facts which formerly were sufficient to authorize a court of chancery to act. Bartlett v. Drew, 60 Barb. 648, affirmed, 57 N. Y. 587. The case of Graham v. Railway Co., 10 Wis. 459, would seem to support the proposition that the proceeding supplementary to execution provided by the statutes of that state superseded the remedy by creditor's bills, and was exclusive. That case, however, has not been followed by the courts of that state. The decision of the case in which the rule there laid down was invoked was put upon other grounds, and the remedy by creditor's bills has been restored long since in that jurisdiction by legislative enactment. Seymour v. Briggs, 11 Wis. 196; Gates v. Boomer, 17 id. 455. The cases cited by the respondent from the California reports do not sustain his contention. In that state creditors' bills have always been maintainable. Baker v. Bartol, 6 Cal. 483; Marshall v. Buchanan, 35 id. 264. Such is also the rule in Colorado. Allen v. Tritch, 5 Colo. 222; Frazer v. Smelting Co., 5 Fed. Rep. 163. And also in Kansas. Ludes v. Hood, 29 Kan. 49.

The complaint in the case at bar contains all the allegations necessary under the Code, or which were formerly required by the courts having equity jurisdiction in creditors' suits brought to set aside fraudulent conveyances as obstructions to an execution at law, and is sufficient.

The demurrer, therefore, must be overruled, and the *pro forma* judgment of the district court reversed, with leave to the defendants to answer within thirty days, on payment of costs and disbursements. All the justices concurring.

Demurrer overruled, judgment reversed, and defendants have leave to answer within thirty days on payment of costs, in default of which the district court is directed to take the proofs, or direct

the same to be taken by a referee, and grant such relief as may be proper.