## SOUTH BEND TOY MANUFACTURING CO. *et al.* v. PIERRE FIRE & MARINE INSURANCE CO.

1. The capital stock of every corporation is a trust fund for the payment of its debts, and its creditors have the right of priority of payment over any stockholder.

2. Judgment creditors of a corporation may sustain an action as in equity to reach and apply concealed assets or misappropriated property, the same as against individual debtors; but, where a receiver for such corporation is duly appointed, the right to bring such action passes to him.

3. Proceedings supplementary to execution, under Section 5174 *et seq.* Comp. Laws, are available against a corporation.

(Syllabus by the court. Opinion filed Aug. 15, 1893.)

Appeal from circuit court, Hughes county. Hon. H. G. Fuller, Judge.

Action in the nature of a creditor's bill. A demurrer to the complaint was sustained and plaintiffs appeal. Affirmed.

The facts are fully stated in the opinion.

*Dillon & Holmes*, for appellants.

A demurrer to a complaint on the ground that plaintiffs have not legal capacity to sue is insufficient if it fails to point out the reasons wherein the legal incapacity to sue arises. Sec. 4910, Comp. Laws; Sanborn v. Hale, 11 N. W. Rep. 302; Bank v. Donnell, 40 N. Y. 410. A demurrer to a complaint on the ground of defective parties is insufficient if it fails to specify wherein the defect of parties arises. Skinner v. Stewart, 13 Abb. Pr. 442; Dias v. Bonchand, 10 Paige 445; Robinson v. Smith, 3 Id. 222.

Upon the point that several causes of action were not improperly united in the complaint, which is in the nature of a creditor's bill, counsel cited: Winslow v. Dourman, 20 Wis. 479; Seaman v. Goodnow, 20 Wis. 27; Judson v. Rosio Galena Co., 8 Paige 598. Upon the point that complaint stated facts sufficient to constitute a cause of action counsel cited: Adler v. Mfg. Co., 13 Wis. 63; Bartlett v. Drew, 57 N. Y. 587; Sawyer v. Hoag, 17 Wall. 610, 224; Ogilvie v. Ins. Co., 22 How. 380; Feldenheimer v. Tressel, 43 N. W. 94.

Proceedings supplementary to execution do not apply to a corporation debtor. Hinds v. Railroad, 12 How. 136; Sherwood v. Railroad, 10 How. 136; Neall v. Hill, 16 Cal. 146; French Bank Case, 53 Cal. 495; Ins. Co. v. Swiggert, 25 N. E. 680. A receiver appointed in proceedings supplementary to execution only represents the creditor at whose instance he was appointed. Bostwick v. Menck, 40 N. Y. 383; Hammond v. Machine Co., 11 How. 29.

The right of creditors of a corporation to prosecute their claims against its stockholders to reach unpaid capital stock is not divested nor transferred by the appointment of a receiver of

the corporation. Coope v. Bowles, 42 Barb. 87; Ins. Co. v. Hill, 60 Me. 178; Ins. Co. v. Swigert, 25 N. E. 680; Angell & Ames Corp. pp. 538, 546; Spear v. Grant, 16 Mass. 9; Ward. v. Griswoldville Mfg. Co., 16 Conn. 593; Mann v. Pentz, 3 Comst. 415; Nathan v. Whitlock, 9 Paige 152; Henry v. V. & A. R. R. Co., 17 Ohio, 187; Ogilvie v. Ins. Co., 22 How. 380; Adler v. Mfg. Co., 13 Wis. 57.

*L. E. Gaffy, Coe I. Crawford* and *W. C. Fawcett,* for respondents.

Actions in the nature of creditors' bills will not lie against insolvent corporations. Hinds v. Railroad, 10 How. Pr. 489; Morgan v. Railroad, 10 Paige 290.

There was a defect of parties both plaintiff and defendant. A receiver of the defendant insurance company had been appointed, and all the assets, real and personal, were in his hands and he was the party who should have brought the action. Root v. Potter, 26 N. W. 682; Barnum Wire Works v. Wayne, 26 N. W. 805; Angel v. Pickard, 28 N. W. 680; McGowen v. Myers, 23 N. W. 282; Potter v. Williams, 9 S. 150; Barton v. Barber, 104 O. 126; Minnesota Thresher Co. v. Langdon, 46 N. W. 311; Gere v. Bradford, 17 How. 31; Gillett v. Moody, 3 Com. 134; Cross v. Whipple, 34 How. 333; Hinds v. Railroad, 10 How. 487; Hammond v. Hudson, 11 How. 29; Sherwood v. Railroad, 12 How. 136; Gill v. Balis, 72 Miss. 429.

Several causes of action were improperly united in the complaint. This action was brought under that section of the statutes which allows creditors to bring action against stock holders for unpaid capital stock. This action is not only brought against the stockholders, but it is also brought against the company itself and against the officers of the corporation for an alleged embezzlement of the funds of the corporation, and also against the receiver of the corporation. A plurality of wrongs are attempted to be redressed. 2 Wait's Prac. 451; Section 4932 Comp. Laws; Abbey v. Grimes, 24 Pac. 426; Barrick v. Gifford, 24 N. W. 259.

The complaint is insufficient in that it fails to show that the plaintiffs have no adequate remedy at law.    Brock v. Rich, 43 N. W. 580; Miss. v. Cohn, 39 Fed. 865.

KELLAM, J.    The plaintiffs, now appellants, are judgment creditors of the Pierre Fire & Marine Insurance Company, a corporation of this state, whose organization is conceded.  The action is in the nature of a creditors' bill, and is brought in behalf of these plaintiffs and all other creditors who may choose to come in and seek relief by it.  The defendants, respondents here, are said insurance company, and parties alleged to have been holders of the capital stock, except defendant Coon, who is alleged to have possession of assets of the company under a void appointment as receiver.  The complaint alleges that upon each of plaintiffs' judgments executions have been returned wholly unsatisfied, and that said company is insolvent.    It further alleges that each of said defendants, except Coon, subscribed for and received a certain number of the shares of the capital stock of said corporation  stating particularly the amount so taken and held by each; that some of said defendants, naming them, paid in full for their said stock, and that others, naming them, paid 12 per cent of the amount of their said stock, and made and delivered to the company mortgages on real estate to secure the other 88 per cent; that subsequently all of said defendant stock holders, with a full knowledge that said company was insolvent, and for the purpose of avoiding liability thereon, conveyed said stock each to an irresponsible transferree, naming him in each case, whose insolvency was fully known to such defendant at the time; and that afterwards, through fraudulent collusion with the officers and directors of said company, and with knowledge that the company had debts outstanding that it was unable to pay, and after suits were commenced against it by these plaintiffs, the said defendants withdrew from the moneys and assets of said company the several amounts which they had so paid for and on their said

stock, and so fraudulently withdrew the securities which they
had given said company as aforesaid to secure the amounts un-
paid on their stock.   The complaint further alleges that two of
said defendants, naming them, as secretary and treasurer of
said company, respectively, still held and concealed large
amounts of money which they had collected for, and which
belonged to, said company, and were rightfully a part of
its assets; and, further, that said last named defendants had
fraudulently and unlawfully obtained a judgment in their favor
against said company, upon which they had caused execution
to issue, which was returned unsatisfied; and that, in proceed-
ings supplementary to such execution, they had procured from
the circuit court, under whose order said proceedings were had,
an order appointing said defendant Coon receiver of all the
property, real, personal and equitable, of the said insurance
company; but that said receiver had never properly qualified
as such, but had filed his report representing that said company
had no available assets of any kind.   The defendants demurred
to the complaint, on the grounds, among others, that there is a
defect of parties plaintiff and defendant.   The trial court sus-
tained the demurrer, and the plaintiffs appealed.)

Respondents contend in support of the demurrer that, a re-
ceiver having been appointed, as shown by the complaint, the
action could only be maintained by him, and that he should
have been plaintiff instead of a defendant.   Appellants, on the
other hand, insist that statutory proceedings supplementary to
execution are not available against a corporation debtor, and
that, consequently, the appointment of Coon as receiver in such
proceedings was void.   The question thus presented starts two
constituent inquiries.   Would the right to pursue these stock-
holders upon the facts alleged in the complaint pass to a re-
ceiver?   And, if so, was the order of the circuit court efficacious
to make Coon such receiver?   It is alleged in the complaint
that certain of these defendants had fully paid for the stock

for which they had subscribed, and received from the company paid up certificates therefor, which they held from the time of their issue, in September, 1886, until March, 1889, at which time, well knowing the insolvency of the company, and because of that fact, they severally assigned their said stock to irresponsible parties, and at the same time, by collusion with the officers and directors of said company, withdrew and were paid back by the company the several amounts which they had paid upon and for their stock. As to the other of said defendants, except Receiver Coon, it is alleged that each paid in upon his stock 12 per cent thereof, and gave to the company real estate mortgages to secure the remaining 88 per cent.; and in the same manner and by the same fraudulent collusion with the officers and directors of said company, and with full knowledge of its insolvency, each withdrew and was paid back the amount so paid on his stock, and each received back, cancelled and discharged, the security which he had executed and delivered to the company as aforesaid. This would certainly constitute a fraud upon the creditors of the company. When this money was paid in, and these securities given, they became the funds and assets of the corporation. to which creditors had a right to look and depend upon for payment of their claims against such corporation. The company had no more right to pay it back to those defendants, under the circumstances stated, than it had to convey any other of its property for the purpose of placing it beyond the reach of its creditors, and as to these defendants the principle involved is not different. It would certainly be the right of creditors, upon general principles of equity, to pursue or have pursued in some manner the assets thus fraudulently transferred, It is a plain proposition that the stock and property of every corporation is to be held and regarded as a trust fund for the payment of its debts, and its creditors have the right of priority of payment over any stockholders. This is too elementary to permit the citation of cases. See 2 Story, Eq. Sur. § 1252; Mor. Corp. § 780; Waite Fraud. Conv. § 117.

There can be no doubt, we think, upon the facts alleged in the complaint that, but for the appointment of a receiver, (which will be noticed further on,) these plaintiffs, as judgment creditors, could have maintained this action in the nature of a creditors' bill. Creditors of a corporation may sustain a bill of equity to reach and apply concealed assets or misappropriated property the same as against individual debtors. Wood v. Dummer, 3 Mason 308, was a suit in equity by the unpaid creditors of a bank against its stockholders, on the ground that the bank, while insolvent, had divided three-fourths of its capital stock among the defendants, leaving these creditors' claims unpaid. Justice Story decided that the defendants were liable to refund so much of the assets received by them as were necessary to satisfy the outstanding debts of the bank, basing his decision upon the ground that the capital stock was a trust fund pledged for the payment of the company's debts. He said: "If the capital stock is a trust fund, then it may be followed by the creditors into the hands of any persons having notice of the trust attaching to it. As to the stockholders themselves, there can be no pretense to say both in law and in fact that they are not affected with the most ample notice." In Bank v. Douglass, 1 McCrary 86, which was the same kind of an action, Judge Love said: "Surely, if the law permitted the stockholders of a corporation to pay up the stock, and then appropriate an equal amount of the assets before the payment of debts, it would open the way to the universal insolvency of corporations." See, also, Adler v. Manufacturing Co., 13 Wis. 57; Ogilvie v. Ins. Co., 22 How. 380; Bartlett v. Drew, 57 N. Y. 587; Mor. Corp. § 864.

This is not an action under Section 2933, making stockholders individually and personally liable to creditors of the corporation. That section provides that "any creditor" may bring such against one or more stockholders severally or jointly. It does not contemplate or allow a number of creditors, each having a distinct and independent claim, to unite them in one

action, in which every plaintiff would be a stranger to, and un-
interested in, every constituent cause of action except his own.
It is very evident the complaint was not intended to state a
statutory cause of action under that section. It starts out by
declaring, in the usual form of a creditors' bill, that the action
is brought in behalf of the plaintiffs named and all others, etc.
It seeks equitable relief, and not simply a money judgment
against stockholders. It proceeds upon the theory rather that de-
fendants had paid for their stock, but had fraudulently with-
drawn such payments, in violation of the rights of creditors.
Counsel for respondents, however, are inclined to revive the
question of the existence under our statute of an action in the
nature of a creditors' bill, arguing that supplementary pro-
ceedings were intended to be a full substitute therefor; but as
this court is entirely in accord with the conclusions of the ter-
ritorial court in Feldenheimer v. Tressel, 6 Dak. 265, 43 N. W.
Rep. 94, we treat the question as settled in this jurisdiction.
We think, however, that, when the receiver was appointed, if
his appointment was valid and operative the right and duty of
bringing such action passed to him. As before observed this
was not an action to enfore the statutory liability of stockhold-
ers as declared and fixed by said Section 2933, but a suit in
equity to compel fraudulent transferees of the assets of the
company to disclose and account for them. Creditors might
ordinarily bring this action, but, when the receiver was ap-
pointed, he became as to such cause of action their legal repre-
sentative. Receivers of insolvent corporations represent the
creditors rather than the corporation.) Ruggles v. Brock, 6
Hun, 164; Sawyer v. Hoag, 17 Wall. 623; Porter v. Williams,
9 N. Y. 142; Mor. Corp. 867; Spel. Priv. Corp. § 860. (When
the receiver was appointed, if his appointment was valid he be-
came, as just observed, the representative of all the creditors,
and it became his duty in their interest to collect and conserve
all the assets of the company, legal and equitable. If assets
had been misappropriated, either fraudulently or otherwise, it

was his duty to pursue and recover them.) Porter v. Williams, *supra;* Gillet v. Moody, 3 N. Y. 479; High, Rec. § 320.   In Manufacturing Company v. Langdon, (Minn.) 46 N. W. Rep. 311, the court says:   "Among the rights which pass to the receiver as the representatives of the creditors is the right to recover property conveyed by the corporation in fraud of its creditors, or capital withdrawn and refunded to the shareholders without provision for full payment of the corporate debts." (If then, the receiver represents all the creditors, and, as such, may and should maintain an action to follow and recover misappropriated funds and assets, and to set aside fraudulent transfers, it would seem to be necessary, in order to avoid confusion, and secure an orderly pursuit of the remedy, that such right should be in him exclusively.  If the creditors in this suit should succeed in reclaiming these misappropriated funds of the insolvent corporation, or in bringing to light other assets now concealed, the receiver would at once be entitled to take possession of the fruits of their judgment.) In Attorney General v. Guardian Mut. Life Ins. Co., 77 N. Y. 272, upon application of the receiver, the court enjoined the suit of a creditor, commenced before the appointment of the receiver, on the ground that the receiver, as the representative of all the creditors, was the proper person to prosecute an action te recover the assets of the defendant company, and that he should be protected in the undisturbed discharge of such duty.  In Manufacturing Co. v. Langdon, *supra,* it was held that the right to reclaim capital withdrawn in fraud of creditors rested in the receiver, and that the appointment of the receiver operated to suspend the rights of creditors to proceed for that purpose.  In Osgood v. Laytin, 48 Barb. 463, the receivers of an insolvent insurance company were reorganized as the only persons authorized to recover assets improperly disposed of among stockholders, in violation of the rights of creditors; and creditors who had already commenced actions in their own names for the same purpose were enjoined from proceeding further, on the ground that such

right of action passed to the receiver.  Governed by these views, we think the decision of the question presented by this demurrer must depend upon the validity or invalidity of Coon's appointment as receiver.

The complaint alleges that the appointment was made in proceedings supplementary to execution, and appellants insist that such proceedings do not apply to a corporation debtor, and therefore afford no cover for the appointment made in this case, and that it is void.  This has been held in several cases in New York cited by appellants, but the reason for such holding is not left in doubt.  It is placed distinctly on the ground that the statutes of that state provide a specific proceeding for the sequestration of the assets of corporations against which execution has been returned unsatisfied.  Hinds v. Railroad Co., 10 How. Pr. 487; Corning v. Insurance Co., 11 How. Pr. 190; 4 Waite, Pr. 134.  But see McBride v. Bank, 28 Barb. 476. For the same reason it was held in Morgan v. Railroad Co., 10 Paige, 290, that an ordinary creditors' bill would not lie against a corporation after execution returned unsatisfied; that such action might be construed as a proceeding under the statute for the sequestration of the property of the corporation, if the bill stated the requisite facts, and a receiver might be appointed; but that the proceeding and its effect would be controlled by such special statute.  We have no such statute in this state, and consequently the reason for so holding does not exist here, as to either remedy.

We discover nothing in the terms of our statute authorizing proceedings supplementary to execution (Section 5174, Comp. Laws,) inapplicable to, or which indicates any legislative intent that such proceedings should not be available against, a corporation debtor.  It provides in general terms that, "where an execution against property of the judgment debtor  *  *  * is returned unsatisfied, *  *  * the judgment creditor  *  *  * is entitled to an order from a judge of the court requiring such judgment debtor to appear an answer concerning his property,"

etc. The word "person" includes bodies corporate, (Section 4746,) and "his" includes "its," (Section 4758.) The Minnesota statute, so far as it authorizes such order and proceeding, is almost identical with ours, and it is used against corporation debtors. Sage v. Railroad Co., 47 Fed. Rep. 3. The same is true of the Iowa statute, and its use. ) Ester v. Implement Co., 46 N. W. Rep. 1098.

It is suggested as against the applicability of these proceedings to a corporation, that a corporation cannot appear and answer under oath as to its property. We do not think this is a substantial objection. A corporation may make a statutory assignment for the benefit of its creditors, and may verify its inventories, although the statute requires the same to be verified by the oath of the assignor, who is in such case the corporation. The oath of its general officer, acquainted with the facts, is sufficient. Wright v. Lee, 2 S. D. 596, 51 N. W. Rep. 706. By Section 5176, being a part of the law under consideration, corporations are expressly named as liable to be required to appear and answer concerning property alleged to be in their possession, but belonging to the judgment debtor. It is difficult to perceive how or why a corporation could make more full and exhaustive answers as a garnishee than as a debtor. It is generally held that a public or municipal corporation cannot under any law, unless expressly so providing, be subjected to these proceedings, but such rule is always, I think, put on the ground of public policy. These views lead to the conclusion that the appointment of Coon as receiver was valid, and is directly in the way of the maintenance of this action by the judgment creditors in their own name. If the allegations of the complaint are true, a change should be made. The ruling of the circuit court sustaining the demurrer is affirmed. All the judges concurring.