AARON et al, Respondents, v. SECURITY INVESTMENT COMPANY et al, Defendants, (Hewitt et al, Appellants).

(211 N. W. 965.)

(File No. 6108.    Opinion filed January 28, 1927.)

1. **Corporations—Parties—Receivers—Receiver Held Necessary Party Plaintiff, in Action by Creditors Against Insolvent Corporation, Stockholders, Directors, and Officers, for Accounting and Recovery of Property Withheld by Defendants.**

   Receiver of corporation was necessary party plaintiff, in action by creditors in nature of creditors' bill against insolvent corporation, stockholders, directors, officers, and a bank, for an accounting and recovery of property wrongfully withheld by defendants.

2. **Receivers—Receiver Is "Officer of Court," Subject to Its Orders.**

   Receiver of insolvent corporation is an officer of court, subject to its orders.

3. **Corporations—Where Defendant Receiver Was Necessary Party Plaintiff in Action by Creditors of Corporation, Court's Ordering Receiver to Appear as Party Plaintiff Cured Defect of Parties.**

   In action by creditors against insolvent corporation and others for accounting and recovery of property in which receiver was made defendant, court's ordering receiver to appear as party plaintiff and not as defendant, at time of overruling demurrer to complaint, cured defect of parties because of receiver's not having been made party plaintiff.

4. **Parties—"Defect of Parties Plaintiff," as used in Demurrer, Means Too Few and Not Too Many.**

   Demurrer to complaint on ground of defect of parties plaintiff did not raise question of right of creditors of corporation to appear with receiver, since "defect of parties plaintiff," as used in demurrer, means too few and not too many.

5. **Action—Complaint, Alleging Causes of Action on Several Notes Individually Held by Separate and Individual Creditors of Corporation, with Receiver Joined as Plaintiff, Held Not to Improperly Join Several Causes of Action.**

Complaint by creditors of corporation, alleging causes of action on several notes individually held by separate and individual plaintiffs and several causes against defendant, stockholders, directors, officers, and a bank, with receiver joined as plaintiff, held not to improperly unite several causes of action, since it was in nature of creditors' bill for accounting and recovery of property, wrongfully withheld.

6.   Corporations—Complaint in Nature of Creditors' Bill for Accounting and Recovery of Property Held to State Cause of Action in Favor of Receiver of Corporation.

Complaint, in action in equity, in nature of creditors' bill against stockholders, directors, officers, and a bank, for accounting and recovery of property, wrongfully withheld by defendants, held to state facts sufficient to constitute cause of action in favor of receiver of corporation.

---

Note.—See, Headnotes (1) and (3), American Key-Numbered Digest, Corporations, Key-No. 548(7), 14a C. J. Sec. 3143; (2) Receivers, Key-No. 81, 34 Cyc. 236; (4) Parties, Key-No. 80(5), Pleading, 31 Cyc. 131; (5) Actions, Key-No. 50(9), 1 C. J. Sec. 270; (6) Corporations, Key-No. 548(8), 14a C. J. Sec. 3147.

Appeal from Circuit Court, Kingsbury County; Hon. Alva E. Taylor, Judge.

Suit by David M. Aaron and others against the Security Investment Company and others. From an order overruling a demurrer to the complaint, defendant Alfred H. Hewitt and others appeal. Affirmed.

*Null & Royhl,* of Huron, and *E. F. Green,* of DeSmet, for Appellants.

*Crawford & Crawford,* of Huron, for Respondents.

BURCH, J. This is an appeal from an order overruling a demurrer to the complaint.

The complaint is voluminous, covering 60 pages of the printed brief, and the demurrer is proportionately long, covering 7 pages of the brief. The complaint is replete with charges of mismanagement, concealment of assets, conspiracy to defraud, manipulation of stock, wrongful issuance of stock, and payment of fraudulent dividends by the stockholders, directors, and officers of the Security Investment Company.

In substance, it alleges that plaintiffs are all creditors of the defendant Security Investment Company, each holding individually

one or more notes of such company unpaid and unsecured which aggregate more than $21,000; that the Security Investment Company is a corporation located in Arlington, Kingsbury county, and on the 23d day of September, 1924, was declared insolvent by the circuit court of Kingsbury county, and placed in the hands of a receiver, defendant D. A. Crawford, who qualified, took possession of the assets, and is accounting from time to time to the court; that the suit in which the receiver was appointed was collusively brought by defendant Raisbeck, a stockholder, against all other stockholders and directors of the Security Investment Company, so that they might control both sides of the litigation and prevent action by the creditors; that from the beginning the Security Investment Company was closely affiliated with defendant Citizens' State Bank of Arlington, a banking corporation organized under the laws of South Dakota, the principal stockholders and officers of the bank being the men who compose the officers and stockholders of the Security Investment Company, in full control of both corporations, and the corporate records of the Security Investment Company were, until the appointment of the receiver, in the exclusive control of the defendants; that a very large part of the numerous transactions which occurred between the Security Investment Company and the bank are now in the exclusive possession of the bank and were entered in its books and not elsewhere.

The liabilities of the several defendants are set out in separate numbered paragraphs. The liabilities alleged are not common to all defendants alike, but exist by reason of certain transactions pleaded whereby the defendants are severally liable in different amounts, in some instances, and jointly and severally liable in other instances, depending upon the nature of the transactions forming the basis of the liability. Such liabilities result from the action of the officers and stockholders of the Security Investment Company in contracting excessive indebtedness of such corporation, fraudulently procuring the issuance of stock certificates to themselves for which they paid nothing; fraudulent withdrawal of funds of such corporation, fraudulent payment and receipt of dividends therefrom, fraudulent misappropriation of its funds and assets, making fraudulent loans of its funds to themselves, which have not been repaid, and the fraudulent transfer of the property

of the Security Investment Company to the Citizens' State Bank, which it now holds for the purpose of placing such property beyond the reach of creditors of the Security Investment Company.

The defendants named in the title to this case and described as appellants demurred to the complaint on three grounds, first that there is a defect of parties plaintiff; second, that several causes of action have been improperly united. Under this subdivision, appellants point out the causes of action as the several notes individually held by the separate and individual plaintiffs, and the several causes against the defendants set out in the separate paragraphs. Third, that the complaint does not state facts sufficient to constitute a cause of action in favor of the plaintiffs, or either of them and against these defendants, or either of them.

Upon a hearing, the trial court overruled the demurrer and in the order overruling the demurrer directed the receiver to join with plaintiffs in the prosecution of this case and restrained him from answering or defending. The receiver took no appeal, and the defendants, who did appeal, appealed from the order overruling the demurrer and made no reference to that portion of the order directing the receiver to appear as plaintiff and restraining him from answering and defending.

Before entering upon a discussion of the grounds of the demurrer, the character of the action should be determined. It was commenced by the creditors of the Security Investment Company, a corporation, which was at that time insolvent and in the hands of a receiver, against the insolvent corporation, the receiver, stockholders, directors, and officers of such corporation, and the Citizens' State Bank. Appellants say, "This suit was brought apparently as a general round-up of the affairs of the Security Investment Company," and not under any statutory provision. There are two provisions of our Code permitting actions by creditors of a corporation against the stockholders of such corporation; namely, section 8779, R. C. 1919, providing that "any creditor of the corporation may institute joint or several actions against any of its stockholders that have not fully paid the capital stock held by him," and section 8789, providing for the bringing of an action by creditors of a corporation where the corporation has been dissolved, but it does not appear that this action is brought under either of these sections. Plaintiffs do not contend that the action

is authorized by statute, but contend that they have a right to maintain the action as a suit in equity. They claim the action may be maintained upon the theory that the capital stock is a trust fund for the benefit of the creditors, and that the officers and directors are trustees of the assets of the corporation for which they must account to the creditors. As a suit in equity, the sufficiency of the complaint must be tested.

[1-3] Upon the ground that there is a defect of parties plaintiff, appellants contend that the receiver is a necessary party plaintiff and the only necessary party plaintiff to the action. This ground of the demurrer challenges the right of the plaintiffs as creditors to maintain such action in their own names, since the corporation is in the hands of a receiver, who, it is contended, has power to bring the action and is the only proper party plaintiff. Appellants rely upon South Bend Toy Manufacturing Co. v. Pierre Fire & Marine Insurance Co., 4 S. D. 173, 56 N. W. 98, which is, in many respects, similar to the action at bar. There the action was brought by judgment creditors against an insolvent corporation, the receiver of such corporation, and its stockholders, to recover unpaid subscriptions of stock issued and to recover assets fraudulently concealed. In that case, this court held that:

"Judgment creditors of a corporation may sustain an action as in equity to reach and apply concealed assets or misappropriated property, the same as against individual debtors; but, where a receiver of such corporation is duly appointed, the right to bring such action passes to him."

In the opinion Judge Kellam, speaking for this court, said:

"It would seem to be necessary, in order to avoid confusion, and secure an orderly pursuit of the remedy, that such right should be in him exclusively."

As his reason for this conclusion, he says:

"If the creditors in this suit should succeed in reclaiming these misappropriated funds of the insolvent corporation, or in bringing to light other assets now concealed, the receiver would at once be entitled to take possession of the fruits of their judgment."

This reason justifies the conclusion that the receiver is a necessary party to the action, and, where his only interest in the litigation is as a receiver of the assets sought to be recovered for the purpose of administration, he is a necessary party plaintiff.

Therefore, under the complaint in the case at bar, at the time of the commencement of the action, there was a defect of parties plaintiff, because the receiver did not join as plaintiff, although without leave of court he was brought in as a party defendant. Then, must the action of the trial court in overruling the demurrer be reversed? At the hearing, the court recognized the defect and sought to cure it by ordering the receiver to appear as a party plaintiff, and not as a defendant. The receiver was an officer of the court, subject to its orders. He made no objection and took no appeal from such order. If, when the demurrer was served, plaintiffs had confessed the demurrer and then obtained an order making the receiver a party plaintiff, by way of amendment, the defect would have been cured. The court by an order, although simultaneous with the order overruling the demurrer, effected the same result, and we think no substantial rights of the appellants were lost thereby and that appellants were not prejudiced.

[4] Having decided that, under the facts alleged, the receiver is a necessary party plaintiff and that his failure to so appear has been cured by the order of the court above mentioned, we express no opinion as to the right of the creditors to appear with him, because that question is not presented by the demurrer. The expression "defect of parties plaintiff," as used in the demurrer, means too few and not too many (R. C. L. § 86, p. 524), and the capacity of the creditors to sue in their own names is not thereby raised.

[5] There is no merit to the ground that there are several causes of action improperly united as the complaint now stands. With the receiver as plaintiff, the action is for a general round-up and collection of the assets of the insolvent corporation and constitutes but one cause of action in equity in the nature of a creditor's bill for an accounting and recovery of property wrongfully withheld by the defendants named in this suit.

[6] Neither is there any merit to the general demurrer that the complaint does not state facts sufficient to constitute a cause of action in favor of the receiver as now amended.

The order of the trial court is affirmed.